REVERSED AND REMANDED.

---

## ED. NEWMAN v. THE STATE.

1. GRAND JURY.—The District Court may order the grand jury to reassemble after it has been discharged for the term, but cannot order the issuance of a *venire* to enable the sheriff to select a new grand jury after that for the term has been discharged.

2. CHARGE OF COURT.—On the trial of one for theft who, after being employed by the owner of the property to recover it, was found with it in his possession and alleged that he had recovered it, the jury, after their retirement, propounded to the court the following question: " When a party is found in possession of stolen property, what weight has the proof of that fact in establishing the guilt or innocence of defendant? " to which the court responded: " when a party is found in possession of property after it is recently stolen

the law presumes such person so found in possession the party who stole it," &c., held, error; that the answer should have had application to the facts, and under such circumstances there was no presumption against the defendant to be removed arising from the possession of the property, or which placed him under any obligation to explain his possession.

3. GRAND JURY.—It seems to be the design of the code to cut off all objections to the organization of the grand jury unless they are made in the challenges allowed at the time of its organization, or come strictly under the motion allowed to set aside the indictment after it is found by the grand jury.

APPEAL from Dallas.     Tried below before the Hon. Silas Hare.

E. Newman was indicted for burglary in the Dallas City criminal court.   The grand jury impaneled for the term was discharged on the 21st May, 1874.   Afterwards, during the same term, a new grand jury was summoned by order of the judge and impaneled, and by it the indictment in this case was found.   Appellant moved to quash the indictment because the same was not found by a legally-constituted grand jury.   This motion was overruled.   Exceptions to the indictment were sustained as to the charge of burglary, but overruled as to the charge of theft.   The property alleged to have been stolen was a watch and chain alleged to be worth twenty dollars, the property of Elizabeth Stovall.   The morning after the theft J. B. Stovall, the husband of Elizabeth, employed the appellant as a detective to find out the thief and recover the property. Soon after this appellant informed J. B. Stovall that he had recovered his watch, but that it had cost him eight dollars to do so.   He informed him that he had deposited the watch with the sheriff, where it could be obtained on payment of the eight dollars.   After the retirement of the jury they returned into court, and submitted a question to the court which, together with his answer, will be found in the opinion.   Verdict guilty, and punishment fixed at two years in the State penitentiary.

*Geo. N. Aldridge* and *H. L. Ray*, for appellant, contended,
1. That the indictment should have been quashed, the
same not being the act of a legally-constituted grand jury.
2. That the answer of the judge to the question pro-
pounded by the jury was error, citing Garcia *v.* The State,
26 Tex., 210.

*A. J. Peeler, Assistant Attorney General,* for the State.

The precise question is this: can the judge, after dis-
charging the grand jury, who had been impaneled for the
term, impanel a new and different grand jury at the same
term?

No case exactly like this has come before the court.   I
find no express statutory authority for such a proceeding.
In the case of Shaw *v.* State, *supra,* and Wilson *v.* State,
32 Tex., 112, the court sustains the impaneling of the
*same grand jury.*   If the judge may hold special term and
cause grand jurors to be summoned, &c., (1 Paschal's Dig.,
art. 2802,) why may he not at the same term, if necessary,
have a grand jury summoned?   But be this as it may, has
the accused placed himself in a position to get the benefit
of this objection?   The order of the judge appears in the
record.   The record does not show that there was a
*challenge to the array.*   This is the only way in which
the question could have been raised.   (1 Paschal's Dig.,
arts. 2830–2868; Hudson *v.* State, 40 Tex., 12.)   If such
challenge had been made, a bill of exceptions would
have been necessary.   The question here is, was the
grand jury "*legally constituted?*"   And the law prohibits
the raising of this question otherwise than by challenge
to the array.

The accused was notified by the *venire* that the grand
jury was impaneled to pass on his case.   There was no
excuse on his part for not raising the question in the man-
ner pointed out by law.

Counsel complain of the charge of the court in answer

to the second question asked by the jury on the subject of possession of stolen property.

This was not a voluntary charge of the court, but in answer to the question of the jury. (1 Paschal's Dig., art. 3079, p. 528.)

The jury, who knew best, and whose province it was to know and pass upon the facts, if satisfied, as we may assume they were, that the stolen property was found in the possession of the accused, had the right to ask the court to give them the law touching this matter. It is not obnoxious, under the circumstances, as a charge on the weight of evidence. The question is, was the law correctly given? (See Barnes *v*. State, *supra*.)

ROBERTS, CHIEF JUSTICE.—It has been decided at this term of the court that a District Court, having discharged the grand jury that was regularly organized for the term, may revoke and set aside the order, and reassemble them for the purpose of finding indictments.

We know of no authority, either on principle or practice, for issuing a *venire* to enable the sheriff to select a new grand jury after that for the term has been discharged. The law provides that the County Court shall select from the jury list the names of twenty good intelligent and practical citizens, to serve as a grand jury at the next ensuing term of the District Court. (Gen. Laws, 13th Leg., 1873, p. 82; Paschal's Dig., art. 2816.)

A motion to set aside an indictment shall be based on one of two grounds, one of which is, "that the indictment was not found by at least twelve grand jurors." (Paschal's Dig., art. 2950.) If this would authorize the exception taken to the indictment in this case, the record of the order of the court below in summoning and organizing a new grand jury is not authenticated by being contained in a bill of exceptions, or otherwise, in such way as that we

feel authorized to act upon it in determining the question presented. (See also Paschal's Dig., art. 2967.)

It seems to be the design of our code to cut off all objections to the organization of a grand jury unless they are made in the challenges allowed at the time of its organization, or come strictly under the motion allowed to set aside the indictment after it is found by the grand jury. (Paschal's Dig., arts. 2830, 2832, 2950.)

We have no established precedent over the question sought to be raised by this exception.

The motion for new trial set forth various grounds relating to the finding of the jury contrary to the evidence, to the charge of the court, and to the misfortune of defendant in not getting the testimony of Lou Roberts on account of her sickness.

The evidence of one witness, Mrs. Stovall, was quite strong that the defendant was the man who stole the watch and chain, somewhat shaken, however, by the aid given her by the district attorney in helping her at a former trial to point out the defendant in the court-house. The proof of an *alibi* by his associates, by whom he could be expected to prove it, was also reasonably full and pertinent. If he had also had the testimony of Mrs. Lou Roberts, it would certainly have tended to weaken the evidence of his identity by the one witness, and he was deprived of this testimony by her sickness after he had sent for and procured her attendance in time to give her testimony in court.

The jury, it would seem, not fully satisfied with the evidence of the identity of the person of defendant as the thief who took the watch and chain, returned into court and propounded to the judge the question, "when a party is found in possession of stolen property, what weight has the proof of that fact in establishing the guilt or innocence of the defendant?" The judge, instead of telling them that they were the judges of the weight of that as well as all the other testimony, and that he could only

34

give to them the rules of law relating to the presumption which the proof of the possession of stolen property raised against one found in possession of it, when it applied, and what circumstances tended to rebut it or weaken its force, but that finally they must determine for themselves its weight under all the facts as proved in the case, proceeded directly to answer the question by instructing them "that where a party is found in possession of property after it is recently stolen, the law presumes such person so found in the possession the party who stole it. This presumption is strong or weak according to the lapse of time after the theft, and the nature and circumstances attending such possession. This presumption of guilt may be rebutted by the party so found in possession giving a reasonable account of the manner in which he obtained possession, or by his proving the manner in which he obtained possession. Whether the account he may give be reasonable or not is for you to determine from all the facts, and from his ability to explain such possession by corroborating proof."

This charge was given in utter disregard of, and without any notice of, the most important fact connected with the possession of the property by defendant some time after it was stolen, which, if it did not prevent the presumption from arising at all, should certainly have been noticed as a fact that tended greatly to qualify and remove it, which was, that defendant Newman, upon the recommendation of Long, was employed in the capacity of policeman, detective, or otherwise, by Stovall, in presence of his wife, to get the stolen property and catch the thief. He some time afterwards told Mr. Stovall that he had recovered one of the watches (which was not the one in the indictment) and a small part of the chain, and deposited them with the sheriff for Mr. Stovall to get them upon paying eight dollars, which amount he said it had cost him to get that much of the property. The true question was, what was the presumption as to his guilt, arising out of his possession,

while acting as the agent of the owner in the recovery of the stolen property, and not the abstract question as propounded by the jury. And if such abstract question, not applicable to the evidence in the case, is asked by a jury, the judge is not bound to answer it; or if he does answer it at all he should shape his charge in reference to the evidence before the jury just as he would have done upon his original charge, so as to be an answer to the question in reference to the case, and not abstractly leaving the jury to give the construction to it as an answer applicable to the case before them.

Suppose A, who has had a horse stolen from his stable, employs B to pursue the thief and recover his horse for him, and B undertakes the business, and some time afterwards B places the horse in a livery stable and tells A that he can get the horse there by paying eight dollars, which amount it has cost him to recover the horse for him; B is not asked for any explanation as to how or from whom he got the horse, or about where or who is the thief that stole him: now, is the possession of the stolen horse by B, who is the agent of A to recover him, a fact from which the presumption arises that B is the person who stole the horse? Certainly not; for his possession is *prima facie* legal, as agent of the owner. He may be proved to be the thief by other evidence, in connection with his possession, which removes its *prima facie* legality, but certainly not by the force of the presumption alone of his possession of the stolen property. In such case there is no presumption against him to be removed, or which places him under any obligation of explaining his possession or how he obtained it; and if he is not asked about how or from whom he got it his silence amounts to nothing.

We are of opinion that this charge of the court was, in this respect, well calculated to mislead the jury by allowing the defendant's possession to have the full weight of the presumption against him, just as though he had not

been employed as the agent of the owner to recover the property.

REVERSED AND REMANDED.