### Dick Miller v. The State.

No. 4829. Decided January 23, 1918.

#### 1.—Murder—Manslaughter—Charge of Court.

Where, upon trial of murder and a conviction of manslaughter, appellant objected to the charge of the court in his motion for new trial for the first time, the matter can not be considered on appeal. Besides, there was no error in the court's charge.

#### 2.—Same—Newly Discovered Evidence—Practice on Appeal.

Where the motion for new trial alleged newly discovered testimony, but

was not sworn to by the defendant or his attorneys, and there was nothing in the motion that appellant was not aware before trial of the facts set up as newly discovered evidence and the record showed that he could easily have been apprised of same by slight diligence, there was no reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney. General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, his punishment being assessed at five years confinement in the penitentiary.

There were no exceptions reserved to the charge before same was read to the jury. In the motion for new trial it is alleged that the court's charge, in reference to intoxication as a defense, was erroneous, in that it only gave part of the statute. As presented it can not be considered, but we are of opinion even if it was there is no error in the charge as applicable to the facts of the case.

The motion for new trial alleges newly discovered testimony. The motion is not sworn to by the defendant or his attorneys, and there is nothing in the motion to show that appellant was not aware of the facts set up as newly discovered evidence. The sister of defendant files an affidavit to the effect that her brother, the defendant, was of a weak mind, and especially when under the influence of intoxicants he would not know what he was doing. This evidently was known to not only defendant and his counsel but the family connection, before the trial. The brother of appellant took the witness stand and testified in regard to the conduct and actions of his brother on the night of the homicide, and his testimony shows great familiarity with defendant and his conduct and movements even on the night of the homicide. The defendant took the witness stand and testified intelligently, but denied that on the particular night of the homicide, after a certain time, he recollected anything; that his mind was rather a blank from a certain time to a certain time, the interregnum covering the time that he had the difficulty with deceased. His brother testified with reference to the acts and conduct of the defendant on the night just prior to the homicide. There is also evidence to the effect that defendant was drinking, but all those facts were known to the defendant and his brother and to counsel, because counsel who defended placed these witnesses on the stand, as well as defendant himself. If defendant's mind was affected as stated by the sister, this was evidently known to the interested parties, and was

known to counsel because that was one of the phases of the defensive theory. Slight diligence would have manifested the fact that if his mind was of that character, or under certain circumstances would be placed in the condition asserted by the affidavit of the sister, the slightest diligence would have discovered that, and it was a want of diligence to fail to inquire into these matters. There is no merit in the motion for new trial on this phase of it.

The judgment will be affirmed.

*Affirmed.*