### A. H. SIMMS V. THE STATE.

No. 9602.     Delivered December 9, 1925.

**1.—Gambling—Grand Jury—Selection of—Improper.**

Where it is shown that the judge of the District Court of Throckmorton County, at the November term, 1924, of his court, instructed the sheriff orally to select a grand jury for the next term of the District Court, and in compliance with this instruction the sheriff went out and selected whoever he desired as grand jurors, and the grand jury so selected returned the indictment in this case, appellant's motion to quash the indictment, for this cause, should have been sustained.

**2.—Same—Continued.**

Art. 333 (O. C. 384) provides for the appointment of a jury commission and for the selection of a grand jury by them. Art. 358 (O. C. 409) gives the right to challenge the array, and provides the grounds for challenge but our authorities hold that an arbitrary disregard of the statutory provisions relating to the manner of selecting the grand jury, is also a ground for challenge to the array. Following Powell v. State, 99 Tex. Crim. Rep. 282, and other cases cited.

**3.—Same—Continued.**

We think the instant case comes under the exception noted in the authorities above cited, in that no reason or excuse is shown by the record, as to why jury commissioners were not appointed by the court, and the Statute pertaining thereto was not followed. The trial court should have sustained the motion to quash the indictment, and because of the failure to do so, the cause is reversed and remanded.

Appeal from the County Court of Throckmorton County. Tried below before the Hon. John Lee Smith, Judge.

Appeal from a conviction for gambling, penalty a fine of $20.

The opinion states the case.

*T. R. Odell,* of Throckmorton, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is gambling, the punishment is a fine of $20.

Before announcement of ready, appellant filed a motion to quash the indictment. The ground of the motion among other things being that the grand jury that returned the indictment was not selected by a jury commission appointed prior to the term of court at which the indictment was found.

The record shows that the court heard evidence on this motion. The sheriff of Throckmorton County was called as a witness on this motion and his testimony is in the record without contradiction, and is to the effect that at the November term of the District Court of Throckmorton County, in 1924, the district judge instructed him orally to select a grand jury for the next term of the district court and that he selected the grand jury according to these oral instructions of the judge, that the judge did not administer any oath to him and that he went out and selected whoever he desired as grand jurors and that the men thus selected were empaneled as grand jurors for the April term of court, 1925. The record discloses that the indictment in the instant case was returned by the grand jury empaneled at the April term, 1925, and charges that the offense was committed on or about the 15th of February of that year.

As above stated, the sheriff's testimony is uncontradicted by the record and in our opinion shows an arbitrary disregard of Art. 333 (O. C. 384) of the C. C. P. et sequens per-

taining to the appointment of a jury commission and the selection of a grand jury thereby. Art. 358 (O. C. 409) of the C. C. P. provides that before the grand jury has been empaneled any person may challenge the array or any person presented as a grand juror for certain reasons, and it further provides that in no other way shall objections to the grand jury's qualification and legality be heard.

An exception, however, to the application of Art. 358, supra, is recognized when the record shows an arbitrary disregard of the statutory provisions relating to the manner of selecting grand jurors. Powell v. State, 99 Tex. Crim. Rep. 282; Woolen v. State, 63 Tex. Crim. Rep. 189, 150 S. W. 1165; Russell v. State, 92 Tex. Crim. Rep. 93, 242 S. W. 93.

We think the instant case comes under the exception noted in the authorities above cited in that no reason or excuse is shown by the record as to why jury commissioners were not appointed by the court and the Statute pertaining thereto was not followed. It follows that in our opinion under the facts disclosed by this record, the trial court should have sustained the motion to quash the indictment and because of its failure to do so, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.