## BAXTER EDWARDS V. THE STATE.

No. 10402.   Delivered November 17, 1926.

Rehearing denied December 22, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Impeaching Defendant—
Held Properly Admitted.**

It has long been well settled by an unbroken line of decisions of this
court that where the accused testifies in his own behalf he may be asked
on cross-examination if he has not been theretofore charged by indictment
with other felonies.   No error is presented in this case in requiring appel-
lant to testify that he had been indicted in Oklahoma and had served a
term in the penitentiary in that state.

**2.—Same—Evidence—Res Gestae—Properly Admitted.**

There was no error in permitting the state to prove by the wife of
appellant that at the time he was arrested that she said to him, "Why did
you pick me up and bring me out here and get me in this sort of a tangle."
Such declaration was res gestae, and properly admitted.

ON REHEARING.

**3.—Same—Declaration of Wife—When Res Gestae—Properly Admitted.**

Where it was shown on a trial for transporting intoxicating liquor
that appellant was driving an automobile, his wife being in the car with
him, in which was found a grip containing several gallons of whiskey.   The
wife testified on the trial that the grip belonged to one Barker, there
was no error in permitting witnesses for the state to testify that at the
time of the arrest she stated in their presence, to her husband, "Why did
you pick me up and bring me out here and get me in this sort of a mess."
This was not a privileged communication, because made in the presence of
other people.   Following Cole v. State, 51 Tex. Crim. Rep., and other
cases cited.

Appeal from the District Court of Grayson County.   Tried
below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for transporting intoxicating liquor,
penalty two years in the penitentiary.

The opinion states the case.

*E. W. Neagle* of Sherman, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,*
Assistant State's Attorney, for the State.   On admission of res
gestae statements of appellant's wife, the state cites:

Hill v. State, 255 S. W. 443.
Plump v. State, 274 S. W. 156.
Calloway v. State, 244 S. W. 549.
Connor v. State, 255 S. W. 613.

Stone v. State, 265 S. W. 900.
Belson v. State, 260 S. W. 197.
Pauls v. State, 261 S. W. 1033.
Hill v. State, 255 S. W. 433.

LATTIMORE, JUDGE.—Conviction in District Court of Grayson County for transporting intoxicating liquors, punishment two years in the penitentiary.

The facts seem ample to support the conviction and present no new phases, and, therefore, we omit any discussion of same.

There are two bills of exception, one of which complains because the state's attorney asked appellant, while testifying in his own behalf, if he had not been charged by indictment in Oklahoma with a felony. The objection was that this did not call for the best evidence. The holding of this court has been that the defendant may be asked this question while testifying in his own behalf, and that the objection mentioned here is not a good one. Appellant answered that he had been under indictment at Durant, Oklahoma, and had been in the Oklahoma penitentiary.

The other bill of exception complains of a statement made to appellant by his wife at the time he was arrested, the substance of which was that she said to him: "Why did you pick me up and bring me out here and get me in this sort of a tangle?" We see no error in the action of the trial court in overruling appellant's objection. The matter seems entirely one of res gestae.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that he should be granted a rehearing because of the insufficiency of the testimony, and what he asserts was error in the admission of the testimony of Mr. Shipp as to what the wife of appellant said at the time of his arrest.

We have no doubt of the sufficiency of the testimony. Appellant was arrested in his car in which was a grip containing several gallons of whiskey. The officer testified that appellant said at the time it was his. There is no question but it had been transported.

The state introduced the officers in making out their case in chief. In developing the case for the defense appellant took the stand as did also his wife, who was in the car with him at the time the officers made the arrest, and who might be regarded as a co-principal. She testified to making the trip in the car

with her husband, and to the fact that there was no grip in the car during the ride until they picked up a man named Barker. She testified that Barker had a grip, and that the grip produced in evidence at the trial as the one having had the whiskey in it, looked like Barker's grip. Her testimony entirely negatived the suggestion of guilt of appellant. In its case in rebuttal the state asked Officer Shipp if at the time of the arrest appellant's wife did not say to appellant: "Why did you pick me up and bring me out here and get me in this sort of a mess?" This was not a privileged communication because made in the presence of other people. Cole v. State, 51 Tex. Crim. Rep. 93. Her statements made at the time and under the circumstances are clearly res gestae. Cook v. State, 22 Tex. Crim. App. 525; Robbins v. State, 166 S. W. 529; Thompson v. State, 178 S. W. 1195.

The motion for rehearing will be overruled.

*Overruled.*