## LOUIE HAILE V. THE STATE.

No. 18096. Delivered April 1, 1936.
Rehearing Denied June 24, 1936.

The opinion states the case.

*Parker & Parker*, of Comanche, and *Albert J. Baskin*, of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, ten years in the penitentiary.

Appellant offered no testimony. That for the State showed an unprovoked attack upon a peace officer with a knife and a pair of pliers by appellant and his brother, and the infliction of wounds which doubtless would have been fatal but for prompt assistance and treatment. There are six bills of exception, none exhibiting complaints of importance enough to call for extended discussion, save bill No. 1, which sets out that an unauthorized person,—C. G. Dabney,— was present with the grand jury which returned the indictment in this case when they were deliberating and voting upon said indictment. The facts show that Mrs. C. G. Dabney was a citizen of Comanche County, Texas, qualified to sit and serve as a grand juror, but that the name of R. C. Dabney, also a citizen of Comanche County, was written by the grand jury commission in their list as filed with the clerk. Mr. C. G. Dabney was commonly known as Chris Dabney, and there seems to have been some confusion over the matter of initials. Two of the grand jury commissioners testified that Mr. C. G. Dabney was in fact selected by them, and they intended to put his name on the list filed, upon which in fact the name of R. C. Dabney was written. The sheriff summoned Mr. C. G. Dabney, who appeared and was duly impanelled and sworn and acted. This much by the way.

There was no challenge to the array of the grand jury such as is laid down by Art. 358, C. C. P., as the only attack upon the legality of such organization, but if we consider the motion to quash,—the offense here charged not having been committed at the time the grand jury was impanelled, and there being then no occasion for appellant to appear and challenge the array,—we find no merit in such motion. Clearly more than twelve men did not sit on the grand jury, and it being shown that Mr. C. G. Dabney was a qualified grand juror, that he

was duly selected by the jury commission, duly examined, impanelled and sworn, these facts would make such grand jury legal, and the further fact of the mistaken entry of the name of R. C. Dabney upon the grand jury list as filed, would in nowise affect the legal status of said grand jury as in fact organized. It would afford this appellant no good ground for his motion to quash.

The argument of the attorney employed to assist in the prosecution was not of such character as to present reversible error.

We have examined the authorities cited by appellant's counsel, namely, Simms v. State, 278 S. W., 220; Powell v. State, 269 S. W., 443; Russell v. State, 242 S. W., 240; King v. State, 234 S. W., 1107, and Woolen v. State, 150 S. W., 1165. The Simms, Russell and Woolen cases, supra, each present wilful disregard of the law directing the method of selecting grand jurors. The Powell and King cases, supra, are not on facts at all similar to those before us, and in our opinion do not support appellant's attack upon the legality of the grand jury.

The judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant moves for rehearing, and files a supplement upon citation of authorities, urging substantially the same grounds as originally presented, i. e., that C. G. Dabney sat upon the grand jury which considered and returned this indictment, he not being a person so authorized to act. To make appellant's position and our own better understood, we state that this record shows that two Dabneys lived in the western part of Comanche County: C. G. Dabney,—known as Chris Dabney; and R. C. Dabney. Chris lived near the end of the pavement on the Brownwood road. When the grand jury commissioners were in session they discussed the two men, and agreed to select Chris Dabney, the one who lived near the end of the pavement, but both said men having a "C" in their names, and not being clear which one was Chris Dabney, the name was written on the grand jury list R. C. Dabney. Shortly after the adjournment of these commissioners, one of them became sheriff of the county by appointment, and the list of said grand jurors was delivered to him for summons. Remembering that there were two Dabneys having said initial, and knowing that Chris was the one selected, he addressed a post

card summons to "R. C. (Chris) Dabney," and Chris received same, responded to the summons, was impaneled, sworn and served. No other objection was made against Mr. Dabney as a grand juror. Appellant's motion to quash set up that C. G. Dabney was present with the grand jury while deliberating, and that he was not authorized to so act; that his name was not on the list, but that R. C. Dabney was on the list, and that they were not one and the same person.

As we understand appellant's motion, it is based on the second clause of Art. 506, C. C. P., which article gives one indicted the right to move to set aside the indictment upon two grounds named, *and no other;* first, that the records of the court show that the indictment was not found by at least nine grand jurors; second, that some person not authorized by law was present when the grand jury was deliberating or voting upon the accusation against the defendant. Appellant's contention was based on the second ground mentioned in said article.

Regarding same, we call attention to what Judge Willson said in Doss v. State, 28 Texas App., 506, from which we quote:

"It was not error to overrule the defendant's motion to set aside the indictment. * * * Our conclusion now is, after mature consideration, that subdivision 2, of article 523, of the Code of Criminal Procedure, (now Art. 506, C. C. P.) refers and applies only to persons who were not impaneled as grand jurors, and that it can not be invoked for the purpose of presenting an objection to the qualification of a grand juror. If we were to hold otherwise, the manifest purpose of article 377 of the Code of Criminal Procedure, in providing that such objection might be made by challenge, but in no other manner, would be defeated. That purpose was to make the impaneling of the grand jury, when no challenge had been interposed, conclusive of the qualifications of the members of that body, and of its legality."

The reference to Art. 377 was evidently intended as then Art. 397, now Art. 358 C. C. P.

This holding is approved in Lacy v. State, 31 Texas Crim. Rep., 78; Cubine v. State, 44 Texas Crim. Rep., 596; Edgar v. State, 59 Texas Crim Rep., 252, and Powell v. State, 99 Texas Crim. Rep., 279, which quotes from Newman v. State, 43 Texas, 525, as follows:

"It seems to be the design of our code to cut off all objections to the organization of a grand jury unless they are made in the challenges allowed at the time of its organiza-

tion, or comes strictly under the motion allowed to set aside the indictment after it is found by the grand jury."

Further examination of our statutes makes plain that the only ground of objection to the service of those persons who were impaneled as grand jurors, is provided in Arts. 358-362, C. C. P. inclusive, which objection may be presented in the form of a challenge to the array, or by motion to set aside the indictment based on the same grounds of challenge to the array as appear in Art. 358, available when the accused is not under arrest or indictment at the time the grand jury is impaneled. Said Art. 358, C. C. P., is as follows:

"Before the grand jury has been impaneled, any person may challenge the array of jurors or any person presented as a grand juror. In no other way shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall upon his request be brought into court to make such challenge."

Art. 359, id., defines the word "Array," and Art. 360, id., defines the word "Impaneled," and Art. 361, id., provides:

"A challenge to the array shall be made in writing for these causes *only*:

"1. That those summoned as grand jurors are not in fact those selected by the jury commissioners.

"2. In case of grand jurors summoned by order of the court, that the officer who summoned them had acted corruptly in summoning any one or more of them."

Art. 362, C. C. P., provides the *only* grounds of challenge to a particular grand juror: (1) That he is not a qualified grand juror; (2) that he is the prosecutor upon an accusation against the person making the challenge; (3) that he is related by consanguinity or affinity, etc.

Appellant did not even attempt to set up in his motion any of these statutory grounds of challenge to Mr. Dabney.

Assuming that appellant could interpose upon motion to quash the indictment any ground which he might have urged against the array of grand jurors or to any particular grand juror, before the impanelment, it appears from the record that none of the statutory grounds existed. Chris Dabney was not disqualified to act as a grand juror, and after he was impaneled and acted as one of the grand jurors it cannot be said that he was an unauthorized person present with the grand jury during its deliberations. See Edgar v. State, 59 Texas Crim. Rep., 252. For a further discussion of attacks upon the legality of grand jurors, see Whittle v. State, 43 Texas Crim.

Rep., 468, 66 S. W., 711; Bryant v. State, 97 Texas Crim. Rep., 11, 260 S. W., 598.

This court has recognized that there are certain exceptions to the general rule requiring objection to the legality of a grand jury to be made in limine. See Sec. 18, page 100, Vol. 21, Texas Jur. One such exception is where it is claimed that some constitutional guarantee has been invaded; another, where there has been an arbitrary disregard of the express command of a written statute pointing out the manner of selection of grand jurors. Other exceptions are mentioned in the text referred to, and cases cited illustrating each exception.

Upon mature consideration we conclude that the present record furnishes no exception which would authorize us to sustain the attack against the organization of the grand jury which returned the indictment against appellant.

The motion for rehearing is overruled.

*Overruled.*