## WINBURN N. MURRAY V. THE STATE.

No. 19986.   Delivered December 7, 1938.
Rehearing Denied January 11, 1939.

The opinion states the case.

*Jack Acrey,* of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is burglary; the punishment assessed, confinement in the state penitentiary for a term of five years.

The record shows that on the night of November 13, 1937, appellant and Clyde Cady forcibly entered an A. & P. Store in the City of Dallas and took therefrom cigarettes, tobacco, candy, chewing gum and other goods. The entry into the building was made through the roof and ceiling by boring holes across two sides and breaking out a hole large enough to allow the entry of a single person onto a metal ceiling, which in turn was broken through.

Sometime after midnight of said date, two policemen saw appellant and Cady in a Ford coupe near Kessler Drive. They decided to investigate the car, but the men fled and the officers pursued them in a patrol car. The fleeing men ran into a blind alley and became stuck in a mudhole. They abandoned the car and fled into the brush nearby, but the officers captured them with the aid of a flashlight. On the way to the police station, the men told the officers where they had secured the property which was in the abandoned car, and later, about 3 A. M. the appellant went with one, Wright, to the A. & P. store and showed him how they had made the illegal entry. In the store a pair of gloves was found which appellant claimed. Appellant did not testify or offer any affirmative defense.

Appellant, for the first time in his motion for a new trial, complains of the admission of certain testimony, certain phases of the court's charge, and the fact that he was not given sufficient time since his indictment in which to employ counsel. These bills are all qualified by the trial court, who states that no objection was made to the Court's charge. No exception was taken to the court's qualification of the bills; consequently they must be considered in the light of the court's qualification. As thus qualified, they fail to reflect reversible error. Art. 658, C. C. P., provides among other things that before the charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and shall present his objections thereto in writing, distinctly specifying each ground of objection. This appellant failed to do. See Sampson v. State, 181 S. W., 193; Arensman v. State, 79 Tex. Crim Rep., 546; Miller v. State, 200 S. W., 398; Wilson v. State, 83 Tex. Crim. Rep., 593; Hill v. State, 230 S. W., 1005; McCauley v. State, 259 S. W., 938; Roberts v. State, 269 S. W., 103.

The admission of appellant's confession, made while he was

under arrest, though not reduced to writing as required by Art. 727, C. C. P., is not a ground for reversal where no objection was made thereto at the time of its introduction and no affirmative defensive theory was interposed. See Davis v. State, 99 Tex. Crim. Rep., 477. This court has consistently held that evidence which is admitted without objection is not a predicate for reversal on the part of an accused, where no motion was made to exclude it. See Wilson v. State, 120 Tex. Crim. Rep., 293. Moreover in the instant case, appellant told the officers and also showed them where he had entered the building, the means used to effect the entry and the articles of merchandise which he had in the car and which were identified as taken from the store. These statements were all proved to be true. The gloves found in the store were claimed by appellant. All of this sufficiently corroborated his confession to allow its introduction in evidence. See Art. 727, C. C. P.; Hayes v. State, 85 Tex. Crim. Rep., 433; Johnson v. State, 108 Tex. Crim. Rep., 499; Bailey v. State, 30 S. W., 669; Branch's Annotated P. C., Sec. 63 p. 36 and the many authorities there cited.

His complaint that he was forced to trial without the benefit of counsel is without merit. The court appointed an attorney for him who was able and willing to represent him on his trial, but he declined his services and asked the court to allow him to represent himself and conduct his own trial. Upon being advised that it was permissible for him to do so, the trial proceeded.

No error appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have reviewed the record in the light of the motion for rehearing filed by the appellant and are constrained to conclude that the proper disposition of the appeal was made upon the original submission. The motion for rehearing is therefore overruled.