BOB MARTIN V. STATE.

No. 25655. March 5, 1952.
Rehearing Denied April 23, 1952.

Hon. W. B. Browder, Judge Presiding.

*A. A. Turner, Nat H. Davis, Robert J. Liles,* all of Conroe, and *Bell, Dyche and Bell,* by *Spurgeon E. Bell,* of Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty years.

Appellant shot and killed deceased upon entering a tavern

at Conroe on April 28, 1951. The witnesses for the state, present on the occasion, testified that appellant came in the place and found deceased sitting at a table with appellant's former wife, whereupon he drew a pistol and fired several times. Appellant and his witnesses testified that deceased threw one or more beer bottles at appellant immediately prior to the shooting. Appellant testified as to communicated threats made by deceased. The issue of self-defense was resolved by the jury against appellant. Appellant, in his brief, states, "It is not necessary to, in more detail, go into the facts because this would not aid the court in determining the questions presented for review".

Appellant first complains of the overruling of his motion to set aside the indictment. A hearing was had on said motion on September 24, 1951; the motion was overruled, and the case was called for trial. Said motion alleged that the minutes of the court failed to reflect the appointment of the jury commissioners, who selected the grand jury which returned the indictment herein, and that the grand jurors selected by such commissioners were not, in fact, the ones who served on such grand jury. The indictment shows to have been returned by the grand jury on May 26, 1951, alleging the offense to have occurred on April 28, 1951. It was stipulated at the hearing on the motion that the appellant was in jail at the time the grand jury in question was impaneled.

Article 358, C. C. P., provides:

"Before the grand jury has been impaneled, any person may challenge the array of jurors or any person presented as a grand juror. In no other way shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall upon his request be brought into court to make such challenge."

This court has held in several cases that, where an accused had an opportunity at the time of the impaneling of the grand jury to challenge the array and did not do so, he has failed to avail himself of his legal right at the time provided by law, thereby waived the same, and cannot later attack the qualifications of the members of that body or its legality. Haile v. State, 131 Tex. Cr. R. 17, 95 S. W. (2d) 708, and cases cited in Texas Digest, Indictment & Information 137(2). The reason for this rule is obvious. If a mistake is alleged to have been made in the organization of a grand jury and an accused has

an opportunity to call the same to the court's attention, he should do so when the grand jury is impaneled and give the court a chance to correct the mistake. Since there is no showing that the mistake in anywise prejudiced the rights of the accused, he is held to have waived the same by failing to timely object.

We shall now attempt to discuss the bills of exception urged by appellant as they fit into the chronology of events leading up to the homicide.

Bill of Exceptions No. 21 complains that the state was permitted to cross-examine appellant about trouble he had had with his former wife at the time of their separation some ten months prior to the homicide. He was asked if he had not drawn a pistol on his wife and threatened her, causing her to leave him, which question appellant answered in the negative. The objection was that such was an inquiry about a different offense.

In order to properly discuss this contention, we must understand the role played by appellant's former wife in the difficulty between appellant and deceased. Appellant testified that, prior to their separation, he had noticed deceased hanging around his wife's grocery store; that his wife had left him without warning and carried their 13-year old daughter to Houston; that sometime thereafter she had sued him for divorce and secured the custody of their daughter. Appellant further testified that, soon after the divorce, deceased and his former wife moved back to Conroe as husband and wife; and that he had been greatly concerned by the information which he received that they were not, in fact, legally married; and that he was disturbed by the thought that his daughter was being reared under such circumstances and had spoken to deceased and his former wife about the matter. Appellant also testified that he loved his daughter and that he had been hampered in his efforts to visit with her.

Since the appellant had given his version of the entire transaction, which wrapped the cloak of injured innocence about his shoulders, we feel that it was proper for the state, under Article 728, C. C. P., to cross-examine him and show his conduct not to have been as innocuous as claimed.

Bills of Exception Nos. 3, 4 and 5 complain that the state

was permitted to prove by appellant's daughter that, some five months prior to the homicide, appellant had come to the house where she was then living with her mother and deceased, the deceased being present at the time, and fired a bullet into the house, which they later found had gone through the wall and into some bedclothes. The objection was that this constituted proof of another offense.

Article 1257a provides, in part, as follows:

"In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed."

Clearly, since the deceased was present on the occasion, such proof became admissible under the above article, even though it is not shown at whom he was pointing the weapon when he fired.

In the consideration of these bills, it should be borne in mind that appellant's defense was that he acted upon threats which deceased had made to take his life and, in self defense, shot the deceased, who was advancing upon him.

Bill of Exception No. 6 complains that the state was permitted to prove by deceased's 12-year old son that appellant had, some time prior to the homicide, come to the house where deceased and his family resided, asked for deceased, and then fired a shot at his former wife, who had come to the door. The objection was that the same constituted proof of a separate offense.

It will be seen from a discussion of appellant's testimony, shown above, that his former wife was inseparably linked with the homicide, as is true in most cases of this nature. Therefore, any testimony evidencing conduct toward her, such as that shown, prior to the homicide, would clearly be a relevant circumstance going to show the condition of the mind of the accused at the time of the homicide. This would be admissible on the question of motive.

In connection with this bill, it will further be noted that no exception was taken to the ruling of the court. Such is requisite. Cases cited in Footnotes 13 and 14 of 4 Texas Jurisprudence, page 94. Further, since the question had already been answered, it was incumbent upon appellant to move the court to exclude the evidence. This was not done.

What has been said would clearly apply to the proof that appellant knocked his former wife over the bed, presented in Bill of Exception No. 7. It should be borne in mind that the person assaulted had left the appellant and had gone to live with the deceased at the time of the attack in question. To hold such evidence inadmissible would, we think, violate rather than comply with the terms of the above statute.

With reference to that portion of the testimony about appellant having hit his daughter on the occasion in question, it should be noted that such was in nowise responsive to the question asked, and no motion was made to exclude the answer. Recently, in Kennedy v. State, 150 Tex. Cr. R. 215, 200 S. W. (2d) 400, we held that a motion to strike the testimony, rather than an objection, should be made when the answer is not responsive.

Bill of exception No. 8 complains that the state was permitted to prove that appellant, prior to the homicide, tried to burn the house of the deceased. The objection was that such was proof of a separate offense. To us, this appears to be pertinent proof of ill will entertained by the accused against the deceased.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant strenuously argues, among other things, that the trial court committed reversible error in admitting evidence as to an "extraneous transaction relating to the firing of a shot into the house, some five months prior to the homicide, complained of in Bills of Exception Nos. 3, 4 and 5."

In discussing this reliance seems to be had greatly on a statement that this court was mistaken in saying that the deceased was in the house at the time this shot was fired. A very careful examination of the statement of facts raises a possibility that we were mistaken. Of that we cannot be certain. The witness testifying on the subject said he was there that day, and then other questions following indicate that she meant that he was there that night and at the particular time of the shooting. Another witness, the son of deceased, gave evidence that may be construed to the contrary.

Our answer to this is that it is wholly immaterial whether he was there or not. The discussion in the original opinion overruling this contention is just as forceful as if he were there. The case of Mounts v. State, 148 Tex. Cr. R. 177, 185 S.W. 2d 731, relied upon by appellant will not sustain his contention. The extraneous matter inquired about in the Mounts case could have nothing to do with the murder for which he was being charged. In the instant case it is different. Appellant and his wife had separated. Soon thereafter she was living with deceased. His falling out with his wife clearly indicates his feeling towards the deceased at all times. His own testimony, as stated in the original opinion, brought the matter before the court and it was just as much a circumstance surrounding the murder as it would have been if it had occurred a day or two previous to it, though the proximity to the time of the shooting might have been more forceful in the minds of the jury.

The same reasoning will dispose of all other questions raised by the motion.

The original opinion sufficiently expresses the sentiment of the court on the issue as it is found in the record now before us. It is our conclusion that appellant's motion for rehearing should be overruled.