J. B. HANKINS V. STATE.

No. 25,900. June 11, 1952.
Rehearing Denied October 15, 1952.

Hon. Hugh H. Meyer, Judge Presiding.

*Joe E. Briscoe,* Devine, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a case of driving while intoxicated, with punishment assessed at a fine of $100 and thirty days in jail.

Attracted by the weaving and irregular manner in which appellant was driving an automobile on a public street, peace officers arrested him. They testified that in their opinion appellant was intoxicated and under the influence of intoxicating liquor at the time. This testimony warranted the jury's conclusion of guilt.

The state moves to dismiss this appeal because the appellant gave an appeal bond during the term of court at which the notice of appeal was given, rather than entering into a recognizance.

An appeal bond cannot be given during term time, and the motion to dismiss the appeal for that reason was well taken. Arts. 818 and 830, C. C. P. However, it has always been the rule that when an appeal is dismissed because of a defective recognizance or appeal bond, fifteen days will be allowed therefrom within which to present a proper bond or recognizance and thereby to reinstate the appeal.

In the instant case, the appellant, in all probability anticipating that his appeal would be dismissed for the reasons stated, has executed a new appeal bond which has been properly approved. It appears, therefore, that appellant is now under proper bail bond pending this appeal. For that reason, the state's motion to dismiss the appeal is overruled. Joiner v. State, 89 Tex. Cr. R. 408, 232 S. W. 333.

In prosecutions of this nature, it is necessary only that the state's pleading allege that the automobile was driven over a

public highway, without further description of the highway. White v. State, 131 Tex. Cr. R. 69, 95 S. W. 2d 429; Duncan v. State, 152 Tex. Cr. R. 283, 213 S. W. 2d 824. Appellant's contrary contention was therefore properly overruled.

Other bills of exception appearing in the record relate to the sufficiency of the evidence to support the conviction, and are overruled by our conclusion that the facts are sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

Appellant complains of the overruling of his motion for instructed verdict directed at the failure of the state to prove venue.

In his motion, he states that he prepared a statement of facts and that the same was not agreed to by the county attorney. Such statement of facts is before us, and an examination thereof fails to reveal that venue was proven. Such statement was not approved by the court. Following this, we find a statement of facts prepared by the county attorney, wherein proof of venue is found. This is followed by a certificate of the judge approving a portion of the appellant's statement and the county attorney's statement as the statement of facts in the case. This, we think, constitutes compliance with the terms of Vernon's Annotated C. C. P., Art. 759a, as amended, and no error is shown.

Appellant's motion for rehearing is overruled.