## MAMMIE LEE NUNEZ, ET AL V. STATE

No. 27,769. November 9, 1955

*Tom Adams*, Big Spring, for appellant.

*R. W. Caton*, County Attorney, Stanton, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The appellants were convicted of vagrancy and each assessed a fine of $200.00.

The record does not show that the appellants, Kathryn Shep-

pard and Troy Baker, ever entered into a recognizance or executed an appeal bond or that they are confined in jail. Therefore, this court is without jurisdiction to enter any order other than to dismiss their appeals.

The record does show that the appellant, Mammie Lee Nunez, filed an appeal bond which was approved on May 13, 1955, after having given notice of appeal on May 5, 1955. The judgment of conviction is dated May 16, 1955. The caption appearing in the transcript certifies that the term of court began on May 1, 1955, and "did terminate by operation of law during May Term, 1955."

If the appellant's appeal was perfected during the term in which she gave notice of appeal, she should have entered into a recognizance; if, after the term, an appeal bond would be required. Art. 830, Vernon's Ann. C.C.P. The caption not showing when the term ended, we are unable to determine from the record whether an appeal should have been perfected by her entering into a recognizance or by the execution of an appeal bond, and whether this court has jurisdiction of the appeal. Under this state of the record, the appeal must be dismissed.

Therefore, the appeals of all three appellants are dismissed. However, the appeals may be reinstated within fifteen days by correcting the record and the filing of a proper recognizance or appeal bond.

Opinion approved by the court.