## B. E. WHITE v. STATE

No. 28,536. November 14, 1956.
Motion To Reinstate Appeal Granted January 16, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) March 13, 1957.

*Bryan Wingo,* Corpus Christi, for appellant.

*Noah Kennedy,* County Attorney, *Ellis M. Brown* and *Wm. Brode Mobley, Jr.,* Assistants County Attorney, Corpus Christi, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for drunken driving, with punishment assessed at a fine of $100 and five days in jail.

The motion for new trial was overruled on April 6, 1956, at which time notice of appeal to this court was given. On the same day, appellant filed an appeal bond.

The term of court at which this conviction occurred remained in session until June 30, 1956.

Hence, appellant has entered, in term time, into an appeal bond rather than a recognizance which is required under the circumstances stated. Art. 830, C.C.P.; Hankins v. State, 157 Texas Cr. Rep. 562, 251 S.W. 2d 729; Banti v. State, 163, Texas Cr. Rep. 89, 289 S.W. 2d 244.

Appellant's being at liberty during appeal without a valid bond or recognizance deprives this court of jurisdiction of the appeal. Bedell v. State, 161 Texas Cr. Rep. 553, 279 S.W. 2d 339; Nunez v. State, 162 Texas Cr. Rep. 193, 283 S.W. 2d 745.

The appeal is dismissed.

Appellant may move to reinstate the appeal within fifteen days, by filing a new and proper appeal bond.

### ON MOTION TO REINSTATE APPEAL

MORRISON, Presiding Judge.

The record has now been perfected, and the case is properly before this court for consideration.

In view of our disposition hereof, a recitation of the facts is not deemed necessary.

Officer Burnip testified that he arrived upon the scene in the "paddy wagon" and took the appellant into custody. He

stated that he talked to the appellant for more than an hour while booking him at the jail, that the appellant had a good "attitude" at first but later became belligerent. On cross-examination, he was asked what he had said to the appellant during their lengthy conversation, and his reply was, "I don't believe I recall the exact words that were said, but during the process I asked him if he wished to take the blood test." Appellant's counsel immediately objected, but the court overruled the same. In this ruling, the court was clearly in error. The appellant failed to request the court to instruct the jury to disregard the seemingly unresponsive answer, and so this alone would not reflect reversible error. Sublett v. State, 158 Texas Cr. Rep. 622, 258 S.W. 2d 336. However, following this, during the redirect examination of the witness by state's counsel, the witness was asked "whether or not during the course of these conversations the defendant was offered a blood test?" Appellant again objected, and this time it was sustained. Immediately following the court's ruling, the following transpired:

"Q. Mr. Burnip, did you, yourself, during the course of any of the three conversations with the defendant which you have previously been questions about, at the scene, at the police station, and upstairs, offer the defendant a blood alcohol test? A. I did."

Appellant again objected, and again the objection was sustained.

Following this, during the redirect examination of the jail guard Aleman, he was asked this question by state's counsel, "During this conversation up there, was the defendant offered a blood test?" Appellant again objected, and this time the court overruled the same, but the witness stated that he did not hear the offer.

Shortly after this, the witness was asked if there was not a sign in the jail "to the effect that a blood test is available upon request?" Again, the appellant objected, and the court this time sustained the same.

Recently, in Bumpass v. State, 160 Texas Cr. Rep. 423, 271 S.W. 2d 953, we had a parallel situation which grew out of continued questioning, which we held to be tantamount to proving that the accused refused to take the blood test.

In Cardwell v. State, 156 Texas Cr. Rep. 457, 243 S.W. 2d

702, we discussed the reasons why the refusal of the accused to take a sobriety test should not be admitted in evidence against him.

For the error pointed out, the judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

The fact that appellant had been offered a blood test was first injected on the cross-examination of State's Witness Burnip.

This testimony was before the jury and if there was any error in regard to its admissibility, it was waived when no motion to exclude or withdraw the answer was made. Bates v. State, 99 Texas Cr. Rep. 647, 271 S.W. 389; Johnson v. State, 90 Texas Cr. Rep. 229, 234 S.W. 891; Murray v. State, 136 Texas Cr. Rep. 38, 122 S.W. 2d 1119; Lawson v. State, 148 Texas Cr. Rep. 140, 185 S.W. 2d 439; Stanford v. State, 145 Texas Cr. Rep. 306, 167 S.W. 2d 517; Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513; Deams v. State, 159 Texas Cr. Rep. 496, 265 S.W. 2d 96. Many other decisions to like effect are collated under Criminal Law 1044, Texas Digest.

The rule applies though the answer was not responsive. Parker v. State, 98 Texas Cr. Rep. 209, 261 S.W. 782; Kennedy v. State, 150 Texas Cr. Rep. 215, 200 S.W. 2d 400; Martin v. State, 157 Texas Cr. Rep. 210, 248 S.W. 2d 126.

The same rule applies to the testimony of Officer Burnip wherein he answered in the affirmative when asked by counsel for the state if he offered appellant a blood alcohol test. No motion was made to withdraw the testimony, though the objection made after the question had been answered was sustained.

The remaining interrogation set out in the majority opinion added nothing to the testimony that was twice before the jury, namely that a blood test had been offered. It could not, therefore, have been prejudicial and reversal should not be predicated thereon.