CLAUD NEIL LOCKHART V. STATE

No. 33,725.   December 6, 1961
Motion for Rehearing Overruled January 17, 1962

WOODLEY, Presiding Judge, concurred.

*Frank D. McCown,* Dumas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

The record reflects that appellant's automobile jumped a curb and ended up in a vacant lot near his home in the city of Dumas.

Ted M. Cassleberry, a policeman for the city of Dumas, testified that he was driving down a street and noticed headlights following him rather closely; that he stopped his car and appellant stopped behind him; that he walked back to appellant's car and had a conversation with him and told appellant to meet him

at the police station; that there was a small child in the front seat of appellant's car; and that he did not have an opportunity to observe appellant very closely because he was standing outside of the car talking through a lowered window. He stated that he waited a few minutes at the police station for appellant who did not appear and then went back on patrol; that about fifteen minutes later he received a call about a wreck and went to the scene of the accident, arriving there about the same time as Officer Crockett; that a woman came up and identified herself as appellant's wife; that she appeared very excited and said her husband had been in an accident and had been drinking, and that he was in the house.

Joe Crockett testified that he was a police officer in Dumas; that he went to investigate the accident, and appellant's wife came up with a small child in her arms and seemed very upset and nervous; that she told them that appellant was in the house, that she was afraid the baby was hurt, that appellant had been driving all evening with the baby, that she had heard a crash and looked out and saw their car in the vacant lot. Officer Crockett stated that he asked appellant to come out to the scene of the accident; that appellant did so, saying he had a few drinks; that he found a bottle of Gordon's Gin in appellant's car with approximately an inch of its contents remaining; that appellant smelled of alcoholic beverages, talked with a thick tongue, was rowdy, was weaving and erratic in his walking, and, in his opinion, was intoxicated.

Cathleen Jo Oliver testified that she was a police dispatcher for the city of Dumas; that she was on duty the night in question; that appellant's wife called her and advised her that appellant was drunk and had had an accident in their automobile with their little girl therein. She stated that she had attended school with appellant's wife and knew her voice, and that appellant's wife seemed very excited when she called to report the accident.

Hugh Poage and Arlie Maxwell, Texas Highway Patrolmen, both testified that they had observed appellant at the scene of the accident, that his speech was slurred and he was unsteady on his feet, and that he was, in their opinion, intoxicated.

Appellant testified that, as he approached the stop sign at the intersection where the accident occurred, he applied his brakes but the street was iced over and he slid on the ice and

went through the intersection, hitting the curb on the other side, and ended up in the vacant lot immediately behind his house; that he went into his house carrying the little girl with him; that he told his wife he was not hurt but he was not sure about the child; and that he started to make a call to the police department when his wife told him that she had already called. He stated that he had drunk one can of beer about four o'clock in the afternoon and denied having anything else to drink prior to the accident, which happened around 1:30 A.M.; he denied telling the officer he had had a few drinks and contended that he did not know how the bottle of gin got in his automobile.

Gerry Lockhart testified that she was the wife of appellant; that they had been to Perryton and returned at eleven or twelve o'clock at night; that appellant drank some coffee and then drove to the station where he worked, taking the little girl along with him; that she later heard a loud crash and looked out the window and was pretty sure it was their car in the vacant lot; that she called the police and told them she thought there was an accident behind her house and wished they would send someone to do whatever was necessary; that she walked out in the yard and saw appellant coming with the baby and that the baby did not appear to be hurt. She stated that her husband was not drunk and had not been drinking, that she told the officer he had only had one can of beer that afternoon, and that she did not tell the police dispatcher her husband was drinking.

Wayne Randolph and David Slagle testified that appellant took them home from the service station a short time before the accident and that he was not intoxicated.

Charles Lockhart, appellant's father, testified that he saw appellant early the next morning and did not notice any evidence that indicated appellant had been drinking.

H. L. Hooten testified that he was a former mayor of Dumas, that he was acquainted with appellant and his reputation as a peaceable, lawabiding citizen was good and he had the reputation of being a sober person.

The jury resolved the disputed issue against appellant. We will discuss the contentions advanced by counsel in brief and argument.

Appellant contends that the state's failure to introduce any evidence from Officer Cassleberry as to appellant's intoxication evidences a reasonable doubt as to sufficiency of the evidence under the rule in Ramirez v. State, 163 Tex. Cr. Rep. 109, 289 S.W. 2d 251. In the case at bar, the State based its case upon direct evidence as to appellant's intoxication, which testimony was not obviously weak; therefore, the rule of the Ramirez case is not applicable. Barker v. State, 329 S.W. 2d 889, and Lowe v. State, 163 Tex. Cr. Rep. 578, 294 S.W. 2d 394.

Appellant next contends that the trial court erred in allowing into evidence the statements made by appellant's wife to Officers Cassleberry and Crockett as they were not a part of the res gestae.

Since appellant permitted the testimony of the witness Oliver to go to the jury without objection, any error in permitting the officers to testify as to what appellant's wife told them was waived. Andrews v. State, 161 Tex. Cr. Rep. 550, 279 S.W. 2d 331.

We have examined all of appellant's complaints with care, and, no reversible error appearing, the judgment is affirmed.

WOODLEY, Judge (concurring)

Appellant relies upon Ramirez v. State, 163 Tex. Cr. R. 109, 289 S.W. 2d 251, and directs our attention to the fact that we were in error when we said, in Lowe v. State, 163 Tex. Cr. R. 578, 294 S.W. 2d 394, that the Ramirez case was submitted to the jury on the law of circumstantial evidence. I would overrule the Ramirez case.