Clarence MATLOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 36069.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Rehearing Denied Dec. 4, 1963.

A. L. Lowery, Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is driving a motor vehicle on a public highway while intoxicated; the punishment, confinement in jail for three days and a fine of $50.00.

The evidence presented by the state through its witnesses Patrolman Coker and Deputy Mitchell is briefly as follows: Coker and Mitchell were looking for appellant when a car approached them on the wrong side of the road, nearly hitting an abutment. The car was followed and appellant was observed driving it, no one else being in the car. The officers each testified that they smelled alcohol and urine in the car and on appellant; that there was a

liquid on his pants and they were torn. Appellant was observed to stagger when he waked, and talked with a thick tongue.

Each officer stated that in his opinion, based on many observations of intoxicated persons, the appellant was intoxicated.

Appellant, his wife and daughter all testified that he had nothing intoxicating to drink. He further testified that he was woozy due to a blow to the head received in a fight earlier that day.

■ The jury resolved the issue of intoxication against appellant. We find the evidence sufficient to sustain their verdict.

Highway patrolman James Clyde Coker, a witness called by the State, upon being questioned by the county attorney, testified that he went to appellant's home after receiving a telephone call saying a ruckus was being raised at appellant's house. The officer further testified that on his arrival at the house, appellant's wife stated that appellant and Junior Coats had been drunk and fighting.

An objection to this testimony was sustained by the court and the jury was instructed not to consider it.

Appellant complains, by informal bill, that this testimony by the state's witness was fundamental error as a violation of Article 714 of the Vernon's Ann.Code of Criminal Procedure of the State of Texas which provides as follows: " * * * The husband and wife may, in all criminal actions, be witnesses for each other; but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other."

It is contended that the fact that the court instructed the jury not to consider the testimony did not cure the reversible error and render harmless the prejudice already done to the rights of the appellant and that such fundamental error could not be cured by appellant later calling his wife as a witness to deny such declarations. We overrule the contention. The answer which related to the conversation with the wife was unresponsive. The state moved the court to withdraw the answer from the jury's consideration, which motion was granted and the appellant asked no further ruling of the court. See Bearden v. State, Tex.Cr.App., 334 S.W.2d 447, and Baker v. State, Tex.Cr.App., 368 S.W.2d 627

The appellant cites and relies upon Sovey v. State, Tex.Cr.App., 362 S.W.2d 121; Cole v. State, 92 Tex.Cr.R. 368, 243 S.W. 1100. In the Sovey case, the prosecuting attorney asked the defendant questions which of necessity would have been known only by appellant and his wife and then followed with such improper questions as, "You know we can't put her on the stand but you can," "You don't want this jury to hear what she has to say, do you?" and "You got to tell your side. Wouldn't you like for the jury to hear her side?" Thereafter the prosecution offered the wife's statement into evidence which forced appellant to object thereto. This court, through Judge Morrison, held this conduct to be highly improper and that the trial court should have granted a mistrial.

In the Cole case the prosecutor testified that he had been present at prior hearings and that appellant's wife had testified against the accused. Judge Hawkins, writing for the court said reversible error was reflected because the prosecutor's entire testimony was tantamount to telling the jury that her (appellant's wife's) testimony would have been favorable to the state and injurious to appellant and the state improperly sought advantage by commenting on her failure to testify at such trial. He concludes "[t]he effect of it was to indirectly make her a witness against her husband."

The Cole and Sovey cases are easily distinguished from the one at bar. In the instant case there was no direct comment with reference to the wife's testifying as in the cases cited by the appellant.

■ It is well settled that statements made by the wife to a third party or state-

ments between husband and wife which are overheard by a third party do not come within the privilege under Article 714 of the Vernon's Ann. Code of Criminal Procedure. Bibb v. State, 83 Tex.Cr.R. 616, 205 S.W. 135; Lawler v. State, 110 Tex. Cr.R. 460, 9 S.W.2d 259; Edwards v. State, 105 Tex.Cr.R. 458, 288 S.W. 1071. Whether or not the conversation is hearsay or admissible as res gestae does not concern us here as the testimony was not admitted and the jury was instructed not to consider it.

 The statement in no case could be considered as fundamental error. See Lockhart v. State, 171 Tex.Cr.R. 648, 352 S.W.2d 749 in which this court held that any error in permitting officers to testify as to what defendant's wife told them was waived where defendant did not object to testimony of a police dispatcher as to what the wife told her when the wife called the police.

In Lawler v. State, a third party testified as to a statement made by the defendant's wife and this court stated:

"[W]hen she (the witness) gave the testimony complained of in response to the state's question, the court instructed the jury not to consider such testimony. In this condition the bill fails to manifest reversible error."

■ Since the testimony of the state's witness, James Coker, concerning the declaration of the wife cannot be considered fundamental error, appellant's further contention that he was forced to call his wife as a witness is without merit.

Finding the evidence sufficient to sustain the verdict and no reversible error appearing, the judgment is affirmed.

ON REHEARING

MORRISON, Judge.

■ After appellant objected to the statement of Officer Coker, the State

moved that the jury be instructed not to consider the same; such motion was granted by the Court and appellant took no further action.

In the recent case of Baker v. State, Tex.Cr.App., 368 S.W.2d 627, we quoted from Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447, and said:

"The court ruled favorably to the appellant on his objection. After his objection was sustained he appears to have been satisfied because he asked the court for no further relief. Appellant is in no position to complain of said statement. 5 Tex.Jur. (2) 61, Sec. 39; Martin v. State, 157 Tex.Cr. R. 210, 248 S.W.2d 126; Earwood v. State, 161 Tex.Cr.R. 171, 275 S.W.2d 652; Pruitt v. State, 164 Tex.Cr.R. 340, 299 S.W.2d 148."

For the reason stated, appellant's motion for rehearing is overruled.