**Edward Charles LANGSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43603.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Ray, Kirkpatrick, Grant & Dennis by J. Ray Kirkpatrick, Marshall, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sodomy; the punishment, three (3) years.

Appellant pled guilty and his punishment was assessed by a jury.

His first contention that Article 524, Vernon's Ann.P.C. is unconstitutional is overruled. Pruett v. State, Tex.Cr.App., 461 S.W.2d 522.

His second ground of error is that while reading appellant's confession to the jury, the prosecutor read these words: "This is the only time I have done that except when I was sixteen—." By reading these words, the appellant contends that the prosecutor violated the ruling of the court and got before the jury the appellant's juvenile record.

Recently, in Darden v. State, Tex.Cr. App., 430 S.W.2d 494, we fully discussed the effect of a plea of guilty. However, Martinez v. State, 138 Tex.Cr.R. 51, 134 S.W.2d 276 is authority for the rule that it may be reversible error to read from a confession excerpts relating to other and disconnected crimes.

We now approach the question of whether or not reversible error has been presented in the case at bar. The record before us indicates that the court sustained appellant's objection. There is no showing

that a motion for mistrial was made or that any further relief was requested of the trial court. In Matlock v. State, Tex.Cr. App., 373 S.W.2d 237, we said:

"In the recent case of Baker v. State, Tex.Cr.App., 368 S.W.2d 627, we quoted from Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447, and said: 'The court ruled favorably to the appellant on his objection. After his objection was sustained he appears to have been satisfied because he asked the court for no further relief. Appellant is in no position to complain of said statement. 5 Tex.Jr.(2) 61, Sec. 39, Martin v. State, 157 Tex.Cr.R. 210, 248 S.W.2d 126; Earwood v. State, 161 Tex.Cr.R. 171, 275 S.W.2d 652; Pruitt v. State, 164 Tex. Cr.R. 340, 299 S.W.2d 148."

Finding no reversible error, the judgment is affirmed.