## WILL HARRIS V. THE STATE.

No. 7417.   Decided February 21, 1923.

Rehearing Granted March 21, 1923.

### 1.—Possessing Intoxicating Liquor—Continuance—Want of Diligence.

Where, upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, appellant's application for continuance showed a want of diligence, and other witnesses testified to substantially the same facts, there was no error in overruling same.

### 2.—Search and Seizure—Evidence.

Upon trial of unlawfully possessing intoxicating liquor, there was no error in admitting testimony of the finding of certain whisky and a still upon premises of defendant, by the officers at the time of his arrest. Following Welschek v. State, recently decided.

### 3.—Same—Argument of Counsel—Practice on Appeal.

Where it was manifest that the language used by State's counsel was but an opinion of the attorney, and that it was so framed as that the jury could not escape the fact of knowing that it was merely such opinion, there is no reversible error.

### 4.—Same—Sufficiency of the Evidence.

Where it was conceded that the defendant was then in possession of liquor, when the officer searched his premises, and that he had sold other liquor at or about that time, which showed the proof of his purpose, the conviction is sustained. Distinguishing King v. State, 90 Texas Crim. Rep., 289.

**5.—Same—Other Transactions—Fundamental Error.**

This Court does not believe that any case can be found in which this Court has held that where the law of the case is fairly submitted that an error such as that complained of here, has been held to be fundamental. That is the question of two separate transactions being shown, that the Court committed fundamental error in failing to instruct thereon, in the absence of exceptions thereto.

Appeal from the District Court of Jones. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully possessing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.—On question of insufficiency of the evidence: Green v. State, 245 S. W., 912; Tolbert v. State, 217 id., 153; Dean v. State, 245 id., 921; Cramer v. State, 246 id., 380.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Jones County of the offense of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

The court refused a continuance. Without contradiction it appears that appellant was arrested on the 3d of June, 1922, charged with this offense, and on the 5th of said month was brought into open court and his case then set down for trial on June 26th. No subpoena was asked for the absent witnesses until June 20th. This was not sufficient diligence. The testimony of the absent witnesses would be material only for the purpose of impeachment. A refusal of a continuance because of the absence of witnesses for said purpose would not be reversible error. Other witnesses testified to substantially the facts sought from said witnesses.

Appellant has three bills of exception, one complaining of the refusal of the continuance above mentioned; another of the finding of certain whisky and a still upon premises of appellant by the officers at the time of his arrest. The matter complained of in this bill of exceptions has been decided adversely to the contention of appellant in the case of Welchek v. State, No. 7136, opinion handed down November 22, 1922, 93 Texas Crim. Rep., 271.

The only remaining bill of exceptions complains of remarks made by the district attorney in his closing argument to the jury. The remarks of said attorney as set out in the bill of exceptions are quite lengthy and seem to evidence a reply of said attorney to some argument theretofore made by the attorney for the appellant, and as approved by the trial judge seems to present no error. It is stated in

said approval that the argument of State's attorney was in reply to argument of the attorney for the defense. We find in the record two special charges asked on behalf of appellant instructing the jury that they could not consider said remarks of the prosecuting attorney, both of which were given. It is insisted on behalf of appellant that a statement by said attorney in substance as follows: "There is in all probability witnesses in this courtroom now who testified for the defendant who, if they would tell the truth, would testify that they had bought whisky from the defendant and had drank this whisky," was highly prejudicial. It is manifest that this states but an opinion of the attorney and that it is so framed as that the jury could not escape the fact of knowing that it was merely such opinion. We would not deem this to be any statement of a fact so prejudicial to appellant as to require a reversal in the face of the instructions of the court to the jury not to consider said argument. The evidence while conflicting is admitted in appellant's brief to be sufficient to sustain the verdict.

Finding no error in the record, the judgment will be affirmed.

·                *Affirmed.*

### ON REHEARING.
### March 21, 1923.

LATTIMORE, JUDGE.—Appellant earnestly contends that the evidence was not sufficient to justify his conviction. He was charged with the possession of intoxicating liquor for the purpose of sale. The officer who went to his house testified that he found there two bottles of liquor. The State also introduced another witness who testified that a week before the date of this search,. he had bought from appellant a bottle of intoxicating liquor. Appellant seems to take the position that the evidence does not show that he had possession of any liquor for purposes of sale. It is not alleged in the indictment to whom appellant intended to make the sale, or to which of the transactions testified to by witnesses in this case, the State looked for the one forming the basis of its prosecution. There would seem to be no question of the fact that appellant possessed the liquor sold by him to the witness Holt for the purpose of sale, because he sold it. If the jury based their verdict of guilty upon this transaction, there could seem no question of the sufficiency of the testimony. If the conviction related to the possession by appellant of liquor on the occasion the officer searched his premises, it is conceded that he was then in possession of liquor, and the fact that he had sold other liquor at or about that time would seem to be sufficient proof of his purpose in having the liquor in question. True, he testified that he had it for his own personal use and intended to drink it, but this was a question for the jury to determine and they have settled it against appellant's contention. The case of King v. State, 90 Texas Crim. Rep., 289, 234 S. W. Rep., 1107, referred to by appellant, was tried under the law as

it was prior to the adoption of the amendment to the Dean Law by the Thirty-seventh Legislature.

Appellant strenuously contends that whether the State relied for conviction upon the transaction testified to by the officer, or the transaction testified to by Holt, that in either event there was introduced against him evidence of two separate transactions which were violations of the law, and that the court below committed fundamental error in failing to instruct the jury as to the purpose for which such evidence could be considered. The transcript before us is bare of any showing that appellant took any exception to the charge of the court for such failure. The numerous authorities cited by appellant showing much research and investigation of the question, relate to what was held to be fundamental error prior to the adoption of the practice Act of 1913 (See Art. 735, C. C. P.), which requires that errors in charges must be excepted to by parties, at the time of trial and before such charge is read to the jury. Cases cited by the learned counsel for appellant and written by this court since the passage of said Act in which by inadvertent expressions language is used from which is sought to be drawn an inference that this court still holds the failure of the trial court to limit the purposes for which much testimony was admitted, as fundamental,—will not be found upon inspection to be in line with appellant's contention. We do not believe any case can be found in which this court has held that where the law of the case is fairly submitted, that an error such as that complained of here has been held to be fundamental. We have uniformly held to the contrary, and that unless exception is taken to the failure of the court to limit such testimony, we could not uphold a claim of error based thereon.

Being unable to agree with appellant in either of his contentions, the motion for rehearing will be overruled.

*Overruled.*