## FRANK CRUTCHFIELD V. THE STATE.

No. 22111. Delivered May 6, 1942.
Rehearing Denied June 10, 1942.

The opinion states the case.

*Cunningham & Boling,* of Lubbock for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of the unlawful possession of liquor in a dry area for the purpose of sale. The punishment assessed is a fine of $125.00.

The record before us reveals that Young County is a dry area; that on the 25th day of October, 1941, the sheriff of said county, accompanied by his deputies, went to the appellant's place of business, armed with a search warrant which directed him to search the appellant's rock filling station, his wooden residence and all outhouses located about 1.2 miles from the Graham National Bank of Graham, Texas, and on the south side of the highway; that as a result of the search the officers found fourteen cans (each containing twelve ounces) of Falstaff beer in an ice box located in the storehouse, where oil,

used casings and the like were kept; that the storehouse was located about four feet from the filling station; that this beer was in an ordinary ice box such as is commonly used for cooling Dr. Pepper, and Coca-Cola. It was further shown that the sheriff had theretofore, on various occasions, seen J. T. Furr go into the storehouse to get oil to service cars; that appellant had told him that Furr was in his employ. It also appears from the record that appellant had been engaged in the same business and at the same place for more than one year at the time of the commission of the alleged offense.

McBride, an agent of the Texas Liquor Control Board, testified that on the 21st day of June, 1941, he was at the appellant's place of business and inquired of him if he had any Grand Prize beer; that he would like to purchase some of it; that appellant said he did not know but would go inside and see; that later on Mr. Furr brought out two cans of beer for which he paid him thirty-five cents; that later in the same day, he again saw appellant and inquired of him if he had any whisky, to which he replied, "Yes, what kind do you want?" The witness then purchased one pint of whisky from him for the price of $1.50.

Appellant did not testify or offer any affirmative defense.

We deem the evidence sufficient upon which the jury could base their conclusion of the appellant's guilt.

Appellant's chief complaint, as shown by his Bills of Exception Nos. 1 and 2, relates to the testimony given by McBride to the effect that on the 21st of June, 1941, he purchased from the appellant one pint of whisky and two cans of beer which were brought to him by J. T. Furr. Appellant objected to this testimony on the ground that it was a separate and distinct transaction from that charged in the complaint and information; that it was an extraneous offense, was too remote and was prejudicial. It is true that ordinarily evidence of extraneous offenses is not admissible unless it shows system, intent, knowledge, identity, etc., which are exceptions to the general rule. However, the fact that four months prior to the commission of the offense charged in the instant case appellant sold intoxicating liquor to McBride would be a circumstance showing the purpose for which the beer was possessed and would be admissible unless it can be said that it was too remote.

There is no definite period of time fixed, either by legislative enactment or by judicial pronouncement, by which to determine when evidence of the nature here under consideration is too remote. The determination of the questions seems to depend upon the facts of each particular case. We do not think that the expiration of four months' time between two offenses of the same nature and at the same place is too remote to admit evidence of the commission of the former on the trial for the latter where intent is in issue. The remoteness of the alleged offense may weaken the probative force of the evidence but would not destroy its admissibility. In support of the conclusion here expressed, we refer to the following cases: Brooks v. State, 138 Tex. Cr. R. 526; Griggs v. State, 99 Tex. Cr. R. 215; DeShazo v. State, 97 Tex. Cr. R. 490; Harris v. State, 94 Tex. Cr. R. 5.

Appellant also complains of the introduction in evidence of the search warrant. An examination of these bills discloses that the search warrant and the affidavit therefor were not introduced before the jury but only before the court for the purpose of the record. Under these circumstances, the bills fail to reflect error.

Appellant, by bills of exception, also complains of the introduction in evidence of the beer found by the searching officers because the building in which it was found was not described in the search warrant. An examination of the search warrant reveals the fact that appellant's garage and his dwelling-house are particularly described, as well as their location, and it also mentioned all outhouses on his premises. It was shown that the outhouse was located about four feet from the filling station operated by appellant and was used by him in which to store oil, casings, etc. Hence the storehouse which was adjacent to the garage came within the description of the outhouse mentioned in the search warrant. Consequently no error is reflected by the bills of exception.

In his brief appellant asserts that the trial court, without notice to him, amended, modified and qualified some of his bills of exception after the same were approved and filed. We find nothing in the record to substantiate his contention. It is our opinion that a trial court would not be authorized to do such a thing, but if he did and such act was substantiated by the record, this court would not hesitate to deal with the

matter in the most effective manner. Tex. Jur. Vol. 4, p. 475, sec. 332; Holt v. State, 98 Tex. Cr. R. 248; Bonner v. State, 90 S. W. (2d) 250.

All other matters complained of have been examined by us and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends that the facts sufficiently show that he was acting as the agent of the State's witness in the purchase of the two bottles of Grand Prize beer, and that Furr who delivered the beer was not appellant's agent. We think the facts quoted in the original opinion show that Furr was an employee of appellant, and that the jury had a right to conclude that, according to the system operated under by appellant, he took the order and in two or three minutes Furr carried out and delivered the cold beer to McBride, the State's witness. Furr worked at appellant's place of business, and had been working there for quite awhile. He came from a building close to appellant's filling station, where tires, oil, etc., were stored, when delivering the beer. In about five minutes thereafter McBride purchased a bottle of whisky from appellant himself, which whisky was brought forth from the same outhouse building from which the beer came.

The sheriff testified that under a search warrant he found 14 cans of Falstaff cold beer in an outhouse building, which was located about four feet from the filling station. Mr. Furr was working for appellant, so appellant told the sheriff, and was present at the search.

We think the purchases of McBride and the method of their deliveries were pertinent to show with what purpose appellant possessed the 14 cans of Falstaff beer, and the jury evidently utilized such to show his possession for the purpose of sale.

It is shown by the evidence that Young County became a dry area in 1896 by virtue of an election then therein held; that in 1934 an election was held to determine whether 3.2 per cent beer should be therein allowed, and such election resulted in the allowance of the sale of such beer. In 1937 again an election was held in such county relative to the prohibition of the sale of beer containing alcohol not exceeding 4 per cent by weight, and such election resulted in favor of the prohibition of the sale of such liquors.

It will be noted that beer is defined in Art. 667-1, Vernon's Penal Code, as a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than 4 per cent of alcohol by weight.

Many objections and bills of exceptions are leveled at the introduction of the orders for the calling and result of such last election, none of which seem to be meritorious. The ballot presented to the people to vote within this last election is in conformity with that set forth in Art. 666-40 (a), Penal Code, Vernon's Texas Statutes 1937-1939, Cumulative Supplement, such act taking effect September 1, 1937, which was prior to the calling of the last election.

We also call attention to Art. 666-40a, P. C. relative to a contest of such elections, and note that appellant's complaints in the major portion of his bills of exceptions relate to irregularities in the commissioners court's orders directing the county judge to call such election, in the county clerk posting the notices, or having same posted, as well as the method whereby the judges of such election were appointed, etc. The above Art. 666-40a, P. C. provides that such elections may be contested in the district court of the county wherein same were held within thirty days after the result thereof has been declared, and if no contest be thus filed, then it shall be conclusively presumed that said election as held and the result thereof declared are in all respects valid and binding upon all courts. We think appellant's attack upon these procedural matters comes too late.

Appellant files an affidavit herein relating to the trial court's refusal to sign some of his original bills, and the court's preparation of his own bills in lieu of appellant's refused bills.

The statute provides for bystanders' bills in the event of dissatisfaction with the court's bills. Appellant seeks to excuse his failure to except and to prepare bystanders' bills by the great distance of his attorney's home from the place of trial, and his ignorance of the fact that the trial court had prepared and filed such bills. Such circumstances were doubtless unfortunate, but they are such that the attorney could control, and we do not feel justified in considering his ex parte affidavit in this matter.

We adhere to the conclusion reached in the original opinion.

The motion is therefore overruled.