RUBY N. LAWSON v. THE STATE.

No. 22996. Delivered January 3, 1945.
Rehearing Denied (Without Written Opinion) February 28, 1945.

The opinion states the case.

*Jimmie Cunningham* and *Eugene F. Mathis,* both of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the sale of whisky in a dry area. The punishment assessed is a fine of $100.00.

The record discloses that the State and the defendant agreed that Lubbock County was a dry area.

The evidence adduced by the State in support of the allegations in the indictment, briefly stated, showed that on the 5th day of February, 1944, W. E. Russell, an agent of the Texas Liquor Control Board, purchased from the appellant a pint of whisky for which he paid six dollars; that appellant placed the money in the cash register after he had taken the pint of whisky from under it and delivered it to Russell. Appellant and his witness, J. S. Johnson, denied that he sold any whisky to Russell. Each of them testified that Russell came to the appellant's place of business and asked to buy some whisky; that appellant told him he did not have any, whereupon Russell inquired of appellant if he knew where any might be obtained; that appellant replied that he did, whereupon Russell handed him six dollars and asked him to go and get a pint; that appellant left and in about twenty or thirty minutes returned with a pint of whisky and delivered it to Russell. Appellant further testified that he had never, in his lifetime, sold any whisky to Russell; that in the instant case, he acted as agent for Russell.

It will be noted from the foregoing statement of the evi-

dence that an issue of fact was raised which the jury decided adversely to the appellant's contention.

By separate bills of exception appellant brings forward nine complaints. However, quite a number of them can be considered and disposed of together.

By Bill of Exception No. 1 it is shown that appellant, on cross-examination of W. E. Russell, sought to show that he (Russell) had lived at Longview, Childress, Austin, and Fort Worth. The State objected to this testimony on the ground that it was irrelevant and immaterial. The court sustained the objection and appellant excepted. We see no error reflected by the bill.

Bill No. 2 is equally without merit.

Bill No. 3 shows that appellant undertook to prove by J. S. Johnson that he was at appellant's place of business with a number of other persons at the time in question; that they were drinking some whisky. The State objected to this testimony on the ground that it was immaterial and irrelevant as to whether or not they were drinking whisky at the time. The court sustained the State's objection, to which appellant excepted. We fail to understand just how this evidence became relevant to any issue in the case. Hence, we overrule his contention.

Bill No. 4 shows that appellant proved that when W. E. Russell came to his place of business he wanted to buy a drink out of the bottle which the boys present had; that J. S. Johnson said he didn't like Russell's looks and remarked to the boys that Russell appeared to be a "dope fiend" and he would rather not drink with him. The State objected to this testimony and the court, in sustaining the objection, remarked that the witness was not an expert and was not qualified to express an opinion as to whether or not Russell was a dope fiend. He then instructed the jury not to consider the evidence for any purpose. Appellant objected to the court's remark on the ground that it was a comment on the weight of the evidence. The objection was overruled and the appellant excepted. We fail to understand how this was a comment on the weight of the evidence in view of the fact that the court withdrew it from the jury and it did not reach the jury to be considered and weighed by them.

Bill No. 5 shows that the witness J. S. Johnson, while testifying in behalf of the appellant, stated among other things that he saw appellant go and get a pint of whisky from a bootlegger

and give him the money. Upon inquiry by the court as to whether the witness was present when appellant got the whisky from the bootlegger and handed the money to the bootlegger, he replied: "No, not the bootlegger. No, I said Russell." Upon objection by the State the court instructed the jury not to consider the testimony given by Johnson to the effect that appellant took the money and gave it to the bootlegger, because he was not present and could not know whether or not appellant got the whisky from a bootlegger and gave him the money. Appellant objected to the court's remark on the ground that it was a comment on the weight of the evidence. What we have said in disposing of Bill No. 4 applies here, and for the reasons there stated, we overrule his contention.

Bill No. 6 shows that the State, on cross-examination of Johnson, inquired of him if his testimony in this case is identical with that which he gave in another case against the appellant. The court sustained appellant's objection and instructed the jury not to consider anything relating to any other trial. Appellant contends, however, that notwithstanding the court's instruction, the question was so highly prejudicial that it could not be removed from the minds of the jury by an instruction from the court. The bill fails to show what answer, if any, the witness gave to the inquiry. Consequently, it is deficient. However, we do not believe that any error is reflected by the bill.

Bill No. 7 shows that after appellant had testified that W. E. Russell asked him if he could go and get some whisky, appellant told him that he could, whereupon Russell handed him the money and he then went to the "flats," purchased a pint of whisky, brought it back and delivered it to Russell; that they opened it up and drank out of it. The State objected to that part of the testimony that they "opened it up and drank out of it" on the ground that the evidence relative to drinking some of the whisky was irrelevant and immaterial and not pertinent to any issue in the case. The objection was sustained and the court instructed the jury not to consider the same for any purpose, to which ruling appellant objected on the ground that the same was prejudicial to his legal rights. We are not in accord with his contention.

By Bill No. 8 it is shown that the State recalled Russell as a witness and proved by him that he purchased whisky from the appellant on the 3rd day of April, 1944, as well as on the 5th day of said month, to which appellant objected on the ground that said testimony was immaterial and prejudicial; that no predicate had been laid for the impeachment of the defendant

and that it was an attempt to show a separate and distinct offense. The objection was overruled and appellant excepted to the ruling of the court. We think this evidence was admissible to show intent. It is true that, ordinarily, evidence of extraneous offenses is not admissible unless it shows system, intent, knowledge, identity, etc., which are exceptions to the general rule. However, the fact that two days prior to the commission of the alleged offense appellant sold intoxicating liquor to Russell would be a circumstance showing intent and tending to rebut his claim of agency. In support of the conclusion here expressed, we refer to the following cases: Colter v. State, 95 Tex. Cr. R. 657; Ross v. State, 93 Tex. Cr. R. 61; Burton v. State, 93 Tex. Cr. R. 335; Graham v. State, 101 Tex. Cr. R. 329; Thomas v. State, 103 Tex. Cr. R. 671. However, the evidence relative to a sale by appellant to Russell on a subsequent day to that for which he was on trial should not have been admitted to show his intent at a prior date.

Bill of Exceptions No. 9 shows that appellant recalled the State's witness, Russell, and inquired of him if he had not purchased whisky from the defendant on two occasions prior to the 5th day of February, to which he replied that he had not purchased twice prior to the 5th, but had bought whisky from him on the 3rd, 5th and on a later date. Appellant objected to the testimony on the ground that the answer was not responsive to the question; that the same was highly prejudicial as tending to show a crime committed at a later date than that charged in the information. The court overruled the objection and appellant excepted. This bill is deficient in two respects: First, the objection was general in that it was addressed to all the testimony, part of which was admissible. Therefore, he should have pointed out the inadmissible part and addressed his objection thereto. Second, because the witness had replied to the interrogatory before any objection was made. Consequently the jury had already heard the testimony. Therefore he should have moved to have it stricken and withdrawn from consideration by the jury. This he did not do. Hence no error is reflected by the bill. See Cochrane v. State, 125 Tex. Cr. R. 119; Huff v. State, 165 S. W. (2d) 717; Ledesma v. State, 181 S. W. (2d) 705; Lee v. State, 170 S. W. (2d) 481.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.