Salomon R. SANDEZ, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15016.

United States Court of Appeals
Ninth Circuit.

June 18, 1957.

William T. Pillsbury, Ernest L. Graves, Long Beach, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott and Norman W. Neukom, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before LEMMON, FEE and BARNES, Circuit Judges.

PER CURIAM.

The Government concedes in its petition for rehearing that as this case was tried, the appellant Sandez' conviction on Counts 8 and 9 was properly reversed. Thus the Government is concerned not with the admissibility of a particular conversation in this particular case, but with the language used by this Court in referring to the non-admissibility of that conversation; and its possible effect on future government prosecutions. This Court stated that "Conversation Number 1, made by a conspirator during the course of the conspiracy would be binding on Sandez insofar as Count 10 is concerned, *but not as to the substantive counts.*" The italicized portion is deemed objectionable. [239 F.2d 246.]

Counsel for the Government likewise objects to this Court's statement: "We are not impressed with the government's attempt to bind a defendant with the statement of his confederates, absent a conspiracy, and absent the statement being part of the res gestae. There may be factual situations where such a rule of evidence should prevail but we see no reason for it in this case."

It will be recalled that this matter arose by reason of a conversation defendant Perno had with government agent Katz. We held this conversation admissible as to Sandez, insofar as the conspiracy count was concerned, because it was a statement of a co-conspirator made during the existence of a proved conspiracy. Our opinion held that Perno's statement was inadmissible to Sandez on the substantive counts because there was no alleged claim, or proof, either of agency, or of res gestae, or of concert of action, with respect to the two substantive counts.

We specifically confined our ruling on the point raised by the government to the instant factual context. We did not hold nor did we intend to imply that incriminating statements such as the one attributed to Perno were not admissible where a proper foundation is laid showing concert of action or agency in respect to the very offense in question, and where the jury is instructed adequately on the use of such statements. See e. g., United States v. Olweiss, 2 Cir., 138 F.2d 798; Lee Dip v. United States, 9 Cir., 92 F.2d 802; Cossack v. United States, 9

Cir., 82 F.2d 214; Vilson v. United States, 9 Cir., 61 F.2d 901.

The petition for rehearing by the United States is denied. Appellant's petition for rehearing on Count 10 is denied.