Laurence **ANTHONY**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 15739.

United States Court of Appeals Ninth Circuit.

May 7, 1958.

See also, 250 F.2d 427.

---

Minsky & Garber, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Leila F. Bulgrin, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, Chief Judge, and CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Appellant and one Landry were the subjects in the District Court of a five count indictment involving narcotics. The two were charged jointly in counts one and four of violation of 21 U.S.C.A. § 176a—knowingly selling or facilitating the sale of marijuana. Counts two and three were charges against Landry alone. Sometime between indictment and trial, the fifth count alleging conspiracy, as appellant states, was "dropped." A joint trial of the two defendants was had. Defendant was convicted on counts one and four, as charged. His co-defendant was convicted on all four counts. Anthony, appellant here, has taken a timely appeal. 28 U.S.C. § 1291.

Appellant does not urge the insufficiency of the evidence to convict on either count. He does urge four alleged errors in the admission of evidence.

An informer, or "stool pigeon," introduced federal narcotics officers to co-defendant Landry as a possible supplier of marijuana. Landry supplied the narcotics officer with several ounces of marijuana on February 23, 1957, which marijuana was delivered to the officer in a common brown-paper grocery bag. This was immediately after defendant had arrived at Landry's home, apparently for the purpose of delivering something in a similar brown-paper bag seen to be in appellant's possession as he walked to Landry's apartment just prior to the sale. This was count one charged against defendant and Landry.

On February 27, 1957 Landry sold a pound of marijuana to the narcotics officer. At that time defendant had been parked in his automobile near Landry's apartment. After the narcotics officer

left, Landry came out of his house, went to appellant's car and had a conversation with Anthony. After a few moments Landry got out of the car and defendant left. *Appellant was not charged with this sale of February 27, 1957,* but Landry was.

On March 7, 1957 the narcotics officer made a third purchase of two pounds of marijuana. Co-defendant Landry brought this marijuana in a similar bag, from the back to the front room of his building. At that time Anthony's car was parked at the rear of the house. The narcotics officer took the marijuana to his car. The defendant while this was happening got into his car and circled the block, returned and parked near Landry's apartment. After the narcotics officer left, Landry came out of the apartment and got into defendant's car for a few minutes. *Appellant was not charged on this sale of March 7, 1957,* but Landry was.

On March 11, 1957 the same narcotics officer made a fourth purchase at Landry's apartment after parking his car on the rear driveway. While the narcotics officer was in Landry's apartment, the defendant had parked his car and appeared at the rear door. Defendant and Landry walked out to appellant's car and Landry returned with a brown-paper bag containing two pounds of marijuana. The narcotics officer paid Landry $140. The narcotics officer left by the rear door and found an auto in the driveway blocking his exit to the street. The narcotics

officer complained to Landry that his egress was blocked. Landry spoke out the window to the driver of the obstructing auto. The narcotics officer recognized defendant in the front seat of the obstructing auto. The driver backed the obstructing auto out and the narcotics officer left. Landry then went to defendant's car, got in for a few minutes then went back into his apartment. Defendant left the scene in his auto. The defendant was arrested several minutes later. On his person was found the $140 previously given by the narcotics officer to Landry, identified by the serial numbers of the bills previously recorded. Two bags of marijuana were found in defendant's car. This sale was charged as count four against both defendants.

## I

Appellant claims as the first error the admission of testimony that marijuana was found in appellant's car on March 11, 1957 when he was arrested.

It must first be noted that the trial court at the time it was offered carefully and specifically limited the introduction of the evidence of existence of the marijuana in appellant's auto "to negative mistake, and on the issue of his state of mind or intent, and for that limited purpose only." The court again carefully instructed the jury at the conclusion of the case.[1]

Appellant claims evidence of a *subsequent* criminal act cannot prove intent or

1. "[T]he jury will recall what the court said previously with respect to that matter. *The fact that a defendant may have done a certain act on one occasion is not proof that he did it on another occasion.* And with respect to this particular exhibit, it may be received in evidence on the issue alone of the intent or state of mind of the defendant Anthony.

In other words, if you should find from the other evidence in the case, independent of this series of five exhibits, Exhibit No. 5, with respect to any offense charged, if you find beyond a reasonable doubt from the other evidence in the case that defendant Anthony committed the offense charged in the indictment, then

you may then, and only then consider this testimony with respect to the Exhibit 5 evidence; that is, as with respect to what was recovered in his car after the arrest. *And then you may consider it only with respect to his state of mind,* with respect to the offenses, if any, which you find that he did commit. In other words, *it is offered,* on the Government's theory, *to negative mistake or inadvertence or innocence with respect to any transaction charged in the indictment;* in other words, to show he knew what he was doing. *It is for that purpose, only, and may be considered for that purpose only—namely, intent or state of mind."* [Tr. 159–160. Emphasis added.]

knowledge, and cites three cases. We first analyze the time element involved in the cases appellant relies on, for comparison with the facts of the instant case. In Hubby v. United States, 5 Cir., 1945, 150 F.2d 165, the second possession of narcotics was at a time over a month subsequent to the possession charged. In Witters v. United States, 1939, 70 App.D.C. 316, 106 F.2d 837, 838, 125 A.L.R. 1031, the only reference respecting the time element in the purchase of stolen bicycles was that "on three separate occasions within a period of about two weeks appellant purchased other bicycles from three different boys." In Lawson v. State, 1945, 148 Tex.Cr.R. 140, 185 S.W.2d 439, evidence of the sale of liquor twenty-six days subsequent to the sale charged was held inadmissible, but its admission was held not reversible error.

In the instant case, appellant *assumes* that the proof relates to a *subsequent* act. It *was* subsequent chronologically, but occurred not only on the same day, but certainly within a half-hour, and probably within a very few minutes. The narcotics officer arrived at co-defendant Landry's apartment at 8:15 p. m. on March 11, 1957; the arrest took place at 9:00 p. m. on the same date, about five minutes after Anthony received the identifiable money.[2] The possession at the scene of the arrest might well be considered part and parcel of one entire transaction, *i. e.*, the sale and delivery.

The trial court required the government to establish guilt as to Count IV *by other evidence* before the jury was allowed to consider the marijuana found in the car, and then only to show appellant's state of mind with respect to the already established sale of marijuana, or as the court expressed it, "in other words,

to show he [appellant] knew what he was doing."

■■ Appellant's whole argument on this point overlooks entirely the limitation ordered by the court and the instructions given by the court, which the jury presumably followed. The court specifically told the jury that the fact a defendant may have done an act on one occasion would not be proof he did it on another.[3] The evidence introduced solely for the limited purpose ordered by the trial court and considered by the jury under the court's careful instruction was proper, even if obtained subsequent to the crime charged, Shreve v. United States, 9 Cir., 1939, 103 F.2d 796, 803, certiorari denied 308 U.S. 570, 60 S.Ct. 84, 84 L.Ed. 479. It was admissible as an exception to the general rule of inadmissibility to prove the crime charged, Helton v. United States, 5 Cir., 1955, 221 F. 2d 338, 340; to show an established plan or intent, United States v. Wall, 7 Cir., 1955, 225 F.2d 905, 908; "absence of mistake," or "accident," Hoyer v. United States, 8 Cir., 1955, 223 F.2d 134, 138; intent or absence of mistake, Smith v. United States, 9 Cir., 1949, 173 F.2d 181, 185; or to show "knowledge," even when no cautionary instruction is given in a narcotics case, Wright v. United States, 9 Cir., 1951, 192 F.2d 595, 596.

II.

The second and third errors relied on by appellant may be considered one—that the court permitted the questioning of defendant as to previous use of marijuana, and the admission of testimony purporting to establish that defendant had admitted such previous use.

The use of such testimony must be placed in context with its purpose and other evidence in the case. Defendant

---

2. Cross Examination:
"Q. Where did you get the $140 which the officer took out of your inside pocket, Mr. Anthony? A. I got it from Mr. Lucas Landry.
"Q. When did you get it from him? A. I got it from him on March 11th.

"Q. How many minutes before you were stopped by the officers did you get it from him? A. Approximately about five minutes."
[Tr. 315.]

3. See note 1, supra.

had denied he had ever seen or used marijuana before his arrest.[4]

It should be noted (a) that most of the cross-examination and all of the rebuttal testimony now claimed as error was not objected to at the trial; (b) that defendant's counsel himself asked questions concerning previous use of marijuana; and (c) that no cautionary or any instruction was requested by appellant at the trial, with respect to such evidence so introduced.

■ The defendant has waived any claimed error by failure to object in the trial court. Williams v. United States, 8 Cir., 1954, 216 F.2d 529; Gianotos v. United States, 9 Cir., 1939, 104 F.2d 929.

Appellant further urges on oral argument that his appeal is supported by two cases from the California courts. We find little comfort for him in either of them. In People v. Blodgett, 1956, 46 Cal.2d 114, 293 P.2d 57, defendant was charged with possession of marijuana. He was asked about the effects of heroin allegedly taken the night before, and the court sustained an objection to such a question. Such ruling was held proper. The obvious purpose of the prosecutor was to fix in the jury's mind the fact of previous use of the second narcotic drug. The Supreme Court of California said:

"No further direct reference was made to heroin, but Mrs. Grundy and Sanders were questioned in detail concerning the activities of the three in the restroom. During the questioning it was brought out that they

4. "Q. Have you ever seen marijuana before, Mr. Anthony? A. No, I haven't before today.

"Q. Pardon? A. No, I haven't before today.

\* \* \* \* \*

"Q. Have you ever used marijuana? A. No.

"Mr. Kline (counsel for defendants): To which we object on the ground that it is not within the issues framed by the counts of the indictment, and it is a prejudicial question, and I request the jury be instructed to disregard it.

"The Court: Of course, he may claim the privilege against self-incrimination as to any matter; but he has to claim it.

"Mr. Kline: It is not our intention that he claim any privilege.

"The Court: Overruled then. He may answer.

"Q. Did you ever tell anyone in Agent Richards' presence, either Sergeant Landry or someone else, that you had smoked marijuana since 1950? A. No, I haven't."

[Tr. 318–319.]

On Rebuttal—Testimony of Sergeant Landry:

"Q. At any time [after arrest] did he [Anthony] tell you that he had smoked marijuana since 1950, or approximately that time, or words to that effect? A. Yes, Ma'am, he did.

[Tr. 321.]

\* \* . \* \* \*

"The Witness: I asked him where he had gotten the marijuana.

"The Court: What did he say?

"The Witness: He said he had found some marijuana in an alley near Santa Barbara and the vicinity of Main Street some time in the past. I asked him how much he had found and he stated approximately three or four pounds. I asked him had he ever smoked marijuana and he stated, 'Yes, I have been smoking marijuana since 1950.'

[Tr. 325.]

\* \* \* \* \*

"Q. By Mr. Kline: (counsel for defendants) When you asked the defendant Anthony if he had been smoking marijuana he told you yes, that he smoked it since 1950, and then did you ask him how recently he had smoked marijuana? A. No, sir, I did not.

"Q. Did you gather the impression he was still a marijuana smoker?

"Miss Bulgrin: I will object to that question as being argumentative and calling for the conclusion of the witness.

"The Court: I will permit it if Mr. Kline wants him to answer. Do you understand the question?

"The Witness: Yes, sir.

"Q. By Mr. Kline: You gathered that impression, that he was still smoking marijuana? A. Yes, sir, I did."

[Tr. 327.]

On Rebuttal—Testimony of Malcolm P. Richards:

"Q. Mr. Richards, calling your attention to the date of March 7th and to a time shortly after the defendant Anthony was arrested, did the defendant Anthony say, in your presence, that he had been smoking marijuana since 1950, or use words to that effect? A. Yes, Ma'am."

[Tr. 329, 330.]

had partaken of Sanders' purchase. It is apparent from the repeated references to the restroom and the conduct therein that the purpose of the questions was to keep constantly before the jury the suggestion in the opening statement [that heroin was used by defendant the night before] that could not properly be proved. Cf. People v. Mullings, 83 Cal. 138, 145–146, 23 P. 229, 17 Am.St.Rep. 223. A careful review of the entire record convinces us, however, that this misconduct did not result in a miscarriage of justice." Id., 46 Cal. 2d at page 118, 293 P.2d at page 59.

In People v. Perez, 1954, 128 Cal.App. 2d 750, 276 P.2d 72, defendant was charged with possession of marijuana. He was asked about prior use of both heroin and marijuana. Testimony of prior addiction was held not prejudicial. In that connection we should note that the California court stated (128 Cal.App. 2d at page 756, 276 P.2d at page 75):

> "Prior addiction to marijuana would be relevant to the issue of 'guilty knowledge' of marijuana's nature, it was so held of prior use of opium on the charge of possession of opium in People v. Gin Hauk Jue, [93 Cal.App.2d 72, 75, 208 P.2d 717] supra; but prior use of heroin is not necessarily relevant to a guilty knowledge of the less dangerous narcotic, marijuana."

### III.

The fourth (here third) alleged error relied on by appellant was the admission into evidence of the declarations of a co-defendant made in the absence of appellant.

■■ This point is not well taken. The trial court has a large discretion as to the order in which evidence may be introduced in a conspiracy case, or a case

tried on the theory of joint enterprise.[5]

Here there was, in our opinion, sufficient evidence *aliunde* the conversations in question to show the existence of a joint enterprise or concert of action.[6] The evidence offered was "connected up" by subsequent evidence. This was largely circumstantial evidence, it is true, as was much of the evidence against this appellant, but it was extremely convincing evidence. This is not the case, therefore, where the *only* evidence of the concert of action was the complained of evidence, and hence the rule of Nibbelink v. United States, 6 Cir., 1933, 66 F.2d 178, 179, and comparable cases, is not applicable. If not "connected up," or if defendant's counsel thought it was not so connected, he had the obligation to move to strike the unconnected incriminating conversation. This he failed to do.[7]

Finding no error in the admission of evidence, the judgment of conviction on both counts is affirmed.

5. Flintkote Company v. Lysfjord, 9 Cir., 1957, 246 F.2d 368; Newman v. United States, 9 Cir., 1946, 156 F.2d 8; United States v. Manton, 2 Cir., 1938, 107 F.2d 834.

6. Sandez v. United States, 9 Cir., 1957, 245 F.2d 712, and cases cited therein.

7. It should be noted that appellant's counsel on this appeal did not represent him below.