**F. Lewis HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 34692.

Court of Criminal Appeals of Texas.

Nov. 7, 1962.

Rehearing Denied Jan. 16, 1963.

Second Rehearing Denied Feb. 20, 1963.

Paul Donald, Joe H. Cleveland, Bowie, for appellant.

Earl Fitts, County Atty., Montague, Renne Allred, Jr., Sp. Prosecutor, Bowie, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, 3 years.

Appellant stands convicted for the theft of $200 in money, which he obtained on

382

February 16, 1959, from the People's National Bank upon executing a note for that amount.

Prosecution was upon an indictment in the ordinary form for felony theft, but the state relied upon Art. 1413, P.C.

The state contends that appellant obtained possession of the money and Mr. Janeway, Vice President of the bank, was induced to surrender possession of it by false pretext theretofore made in the execution of a chattel mortgage on cattle he did not own, appellant having the fraudulent intent, at the time he came into possession of the money, to appropriate it to his own use, and did so appropriate it.

The evidence is such as to sustain a finding by the jury that appellant, who owned no cattle after 1949, borrowed money from the bank at various times upon notes secured by chattel mortgages on cattle. On January 29, 1959, appellant executed a chattel mortgage on the non-existing cattle to secure a note for $1,131.84 and to secure *all indebtedness hereafter to become owing said bank * * * whether evidenced by note, overdraft or otherwise.*

On February 16, 1959, appellant signed a note for that amount and $200 was credited to his account. Mr. Janeway testified that he relied upon and would not have made the $200 loan on February 16, 1959, but for appellant's representation that he owned the cattle described in the mortgage.

The court in his charge authorized a conviction upon a finding that appellant obtained and came into possession of the money from Joe L. Janeway "by means of a false pretext *then or theretofore* made to the said Joe L. Janeway by F. Lewis Hill to acquire possession of said corporeal personal property fraudulently and by means of such false pretext, if any, and that at the time of so acquiring said corporeal personal property, if he did, the defendant F. Lewis Hill then intended to deprive the said Joe L. Janeway of the value thereof, and to appropriate the same to the use and benefit of

him, the said F. Lewis Hill, and he did so appropriate the same * * *."

It was appellant's contention in the trial court, and he here contends, that proof of a false pretext theretofore made is insufficient where, as here, the evidence shows nothing said or done at the time possession of the money was obtained.

We are cited to no authority and know of none which requires the false pretext, pretense or representation to be made at the same time possession of the property is obtained.

The court's charge properly required the jury to find in order to convict that at the time of acquiring the property by means of a false pretext then or theretofore made, appellant then intended to deprive the owner of the value thereof and appropriate the property to his own use, and that he did appropriate it.

Art. 1413, P.C., does not provide that the false pretext be made at the time the property is obtained. In fact, a false pretext is not required in all cases, and conviction may be had for theft of property the taking of which, though lawful, was obtained with intent to deprive the owner of the value thereof and appropriate the property to the use and benefit of the person taking, and the same is so appropriated.

The court's charge required the jury to find that the property was obtained with such intent at the time, and also required the jury to find that it was obtained by false pretext then *or theretofore* made.

We find the evidence sufficient to sustain the conviction.

Appellant's complaint as to the court's charge is not before us. No exception to any ruling of the court upon objections to the charge or requested charges is found in the transcript. See Medlock v. State, Tex.Cr.App., 356 S.W.2d 312.

Appellant complains of the introduction of evidence by the state showing

loans by the bank to appellant and mortgages and renewal of mortgages on cattle by appellant to the bank prior to the 1959 mortgage. By this means the state was able to show that cattle were mortgaged to the bank, and after they had been sold non-existing cattle and their increase were mortgaged and additional loans secured from the bank. This evidence appears to have been admissible to show intent of appellant at the time he obtained the $200 for theft of which he was on trial. Campbell v. State, 163 Tex.Cr.R. 545, 294 S.W.2d 125; Crutchfield v. State, 144 Tex.Cr.R. 291, 162 S.W.2d 699; Lawson v. State, 148 Tex.Cr.R. 140, 185 S.W.2d 439; West v. State, 140 Tex.Cr.R. 493, 145 S.W.2d 580; Hennessey v. State, 23 Tex.Cr.R. 340, 5 S.W. 215; Vaughn v. State, 138 Tex.Cr.R. 62, 134 S.W.2d 290; 1 Branch's Ann.P.C. 2d 200 et seq., Sec. 188.

The judgment is affirmed.

## ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant takes this Court to task for failure to discuss his complaints as to the charge. Notice of appeal in this case was given on March 7, 1962. It became incumbent upon appellant, under the terms of Article 760d, V.A.C.C.P., to perfect his bills of exception within 90 days thereafter. No bills of exception relating to the court's charge appear in the record.

On October 5, 1962, long after this case had been set for submission in this Court and long after the 90 days allowed for the preparation of bills of exception had elapsed, we were presented with a certificate from the trial court in which he stated that "The objections and exceptions of the defendant to the court's charge in this case, and the request for the special charge may be made and put in proper form at a later date at any time within the legal requirements of the law, and the permission of the court is given." It further recites that "It was the intention of the court at the time of the preparation of this charge for the record to reflect that every special charge requested, and every exception and objection made to the charge, were respectively overruled, except as given in the court's main charge."

■ There is no escape from the conclusion that if this Court considered the above we would in effect be permitting the court to perfect bills of exception relating to the charge for the appellant long after the time provided by statute, contrary to the holdings of this Court in Ortiz v. State, 121 Tex.Cr.R. 438, 53 S.W.2d 58; Tindol v. State, 156 Tex.Cr.R. 187, 239 S.W.2d 396; Gonzalez v. State, 164 Tex.Cr.R. 64, 297 S.W.2d 144; Crawford v. State, 165 Tex. Cr.R. 147, 305 S.W.2d 362; and Smith v. State, 166 Tex.Cr.R. 294, 313 S.W.2d 291.

■ Even if we did, we would not be authorized to consider these bills of exception because nowhere do we find that an exception was reserved to the action of the court in overruling the objection and in refusing the requested charges, as is required to preserve the error by Driver v. State, 105 Tex.Cr.R. 29, 285 S.W. 312, and Sims v. State, 156 Tex.Cr.R. 608, 245 S.W.2d 260.

Appellant urges that we consider his bills of exception even though not filed in time and says that we did so on rehearing in the recent case of Roberts v. State, Tex.Cr. App., 360 S.W.2d 883. A careful reading of the opinion in that case will reveal that we declined to consider such bill and observed, in passing, that if we could it would avail the accused nothing.

Under the peculiar facts of this case, it became necessary for the State to track the entire history of the financial dealings between appellant and the injured bank in order for the jury to know why the bank would relinquish to appellant the sum of money charged in this indictment in the manner in which the same was done and the means used by appellant in order to build up the bank's confidence in him as a

**384**

legitimate businessman, together with the fact that appellant's representations made to the bank were in fact untrue.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.